Kenneth S. MacAeeeb, J.
This is an application under article 78 of the Civil Practice Act for an order “ that the order of respondent denying petitioner’s appeal be revoked, vacated and set aside and that the Court remand this matter to the respondent to reconsider and redetermine petitioner’s appeal.”
The petitioner herein seeks a judicial review of the procedure methods adopted and used by the respondent on appeals from competitive State promotional tests. The petitioner also seeks a reversal of the order denying his appeal from the rating of 73% given him upon such an examination.
The respondent has filed its answer and return. The answer denies only one allegation of the petition, i.e., the allegation that the respondent acted arbitrarily and capriciously and contrary to law in (a) the procedure adopted in processing appeals, and (b) in disallowing petitioner’s appeal. Thus, all the other allegations of the petition are admitted in this proceeding. The respondent’s answer also sets up five separate affirmative defenses.
The respondent by two separate notices of motion has moved to dismiss the petition as follows: the first on two grounds, (a) that the petition does not state facts sufficient to entitle petitioner to the relief he seeks, and (b) that the petition is barred by the Statute of Limitations set forth in section 1286 of the Civil Practice Act; the second also on two grounds (a) that the petitioner consented to the procedure and regulations to which he now objects, and (b) that regulation 1 of the respondent is lawful and proper. By the second notice of motion it is also moved by the respondent in the alternative that if any additional *668 answer of the respondent is ordered by the court that such answer be limited in scope to the matters specifically raised by the petitioner at the time of his appeal.
The petitioner has also moved to strike out the five affirmative defenses set forth in the answer of the respondent upon the ground that each is sham and frivolous and without merit.
Various additional affidavits have been submitted by each party in support of these motions and defenses.
Pursuant to an order of this court, made at the Special Term of July 14, 1961 at Albany, the Association of New York State Civil Service Attorneys, Inc., was permitted to intervene and to file a brief amicus curice. Such brief has been filed with this court and it urges support of petitioner’s contentions.
The facts gleaned from the afore-mentioned pleadings and affidavits briefly are as follows: The petitioner is an attorney presently employed by the Temporary State Housing Rent Commission in the permanent rank of Junior Attorney. Petitioner took a civil service examination on March 12, 1960 for interdepartmental promotion as attorney. He obtained a final rating of 73% and thus failed the examination, as a passing final rating was 75%.
Petitioner appealed such final rating and requested a review of his examination papers. He was advised by respondent that he might review his examination papers on July 13, 1960 under the methods prescribed by Regulation 1 of the respondent (now 4 NYCRR 55.1 to 55.6). Petitioner wrote the respondent on July 11, 1960 raising objections to procedure laid down by said regulation on such review. On July 13, 1960 petitioner appeared to review his examination papers and at that time filed various protests. On or about December 31, 1960 respondent notified petitioner that after thorough consideration of petitioner’s appeal the respondent found no manifest error in the rating of petitioner’s written test in the examination and therefore dismissed the appeal.
The main attack of the petitioner has two prongs. One is directed at Regulation 1. The other is directed at the over-all addition of four points by the respondent to each examinee’s mark.
Under Regulation 1 an examinee upon an examination review of the questions and his answers on his written test is allowed to bring a representative or consultant of his own choosing- and also to bring books and other references to the examination review center. He is supplied with appropriate forms for noting* his objections and exceptions which are to be submitted to the respondent’s representative at the conclusion of the *669 review. He is not to be permitted to copy any question or answer or to take any copied material from the review center.
The petitioner contends that such review procedures are so limited and restrictive as to render the regulation arbitrary, capricious and unreasonable. The contention is that this is particularly so since this was an examination for attorneys based on 100 short answers and multiple-choice questions designed to test legal skills of the applicant in 7 different specialized fields. It is contended that such an examination should be differentiated from examinations for unskilled, semiskilled and skilled employees, such as clerk, typist, stenographer and others which are given more periodically than examinations for attorneys.
The respondent defends its Regulation 1 and its procedures thereunder, mainly upon the ground that such regulations and procedures are the best practical solution that has yet been devised to prevent publicizing of the content of examinations to the greatest extent possible and thus preserving the questions and material used thereon for future examinations.
This court cannot say that this regulation should not have application to an examination for attorneys. The regulation and the procedures thereunder in and of themselves have not been made to appear to the court to be clearly arbitrary, capricious or unreasonable and therefore this court may not interfere with their application in this case. (Matter of Cowen v. Reavy, 283 N. Y. 232, 237; Davis v. Wiener, 260 App. Div. 127, 130.)
The respondent was authorized to make the across-the-board increase of four percentage points to the final grade of each candidate. (Matter of Hymes v. Schechter, 6 N Y 2d 352; Regulations of State Dept. of Civ. Serv., reg. 3 [now 4 NYCRR 67.1].)
Finally, the petitioner contends that questions 77 through 82 were improper in that such questions did not fairly test the skills of the candidate as an attorney for the duties specified in the position to be filled. He also contends that the key answer to question 83 is incorrect.
Upon the request of the court, the respondent has furnished the court with such questions and the answer to question 83. The respondent has also furnished the court with the objections of the petitioner to such questions made by him in his review of the examination on his appeal together with the respondent’s analysis and reasons for the dismissal of such objections.
In the u Scope of Written Test ” set forth in the notice of the examination, one of the categories was “ (7) Knowledge of legislative procedure and the ability to draft proposed legislation.” In the opinion of the court, questions 77 through 82 were *670 properly within the scope of the quoted category and within the orbit of the duties specified in the notice of the examination. The key answer to question 83 is correct. The contentions of the petitioner with respect to all of those questions are therefore without merit and cannot be sustained.
The respondent is entitled to a final order dismissing the petition on the merits, without costs. (Civ. Prac. Act, § 1300.)