Charles Margeit, J.
This is an application for an order in the nature of mandamus.
The petitioner is a court clerk in the Supreme Court, Nassau County. Eespondents are the Chairman and Commissioners of the Nassau County Civil Service Commission and the President and Commissioners of the New York State Civil Service Commission.
On April 15, 1961, petitioner took a written competitive examination conducted by respondents for promotion to the position of Deputy Chief Clerk. On June 16, 1961, he was notified by the respondent Nassau County Civil Service Commission that he received a grade of 85.60% on the examination and placed seventh on the eligible list for appointment. He was permitted to review his examination papers and the key answers on July 24,1961. On that date he filed a written appeal for rerating of certain questions. The respondent Nassau County Civil Service Commission notified petitioner on January 24, 1962, that his appeal was dismissed on the ground that no manifest errors existed in the original rating of the examination.
Thereafter, on January 30, 1962, petitioner requested permission to examine the questions and key answers upon which his appeal of July 24, 1961, was based, for the purpose of commencing an article 78 (Civ. Prac. Act) proceeding to review *362 the determination of the respondents. This request was denied by letter dated March 15, 1962.
In the instant proceeding petitioner seeks an order compelling respondents to permit him such an examination and an order extending his time to institute, an article 78 proceeding. Respondents have not answered the petition but have cross-moved, pursuant to section 1293 of the Civil Practice Act, to dismiss the petition for legal insufficiency.
The gravamen of the petition is that when petitioner inspected his examination papers on July 24, 1961, he was not permitted to take any notes with respect to the questions and answers he objected to or to make a copy of his appeal; that as a result thereof, with one exception, he is without knowledge of the particular questions and answers upon which his appeal was based and is, therefore, unable to commence a proceeding to review the respondents’ gradings; and that respondents, by refusing an inspection of these papers, are frustrating his right to commence such a proceeding.
In the opinion of the court the petition is legally insufficient. No facts are alleged to show that the petitioner is entitled, as a matter of law, to the relief sought, nor is there any allegation that the examination papers constitute a public record or that respondents have a duty to permit the inspection thereof. It appears from the petition that the petitioner has already been afforded one inspection of these papers. Even though he does not know exactly the questions and answers upon which he based his appeal, he can institute a certiorari proceeding upon information and belief.
It also appears from the petition that he has actual knowledge that he objected to certain questions and key answers, that he believed at that time that certain key answers were incorrect and that he filed an appeal. It further appears that the appeal was denied. Accordingly, the petitioner is an aggrieved person and would be entitled, on the facts alleged in the instant petition, to institute an article 78 proceeding in the nature of certiorari for a review of the denial of his appeal.
A determination with respect to petitioner’s prayer for an extension of time to institute an article 78 proceeding cannot be made in this instant proceeding.
The cross motions are granted and the petition is dismissed. This disposition is without prejudice to a motion for an examination before trial or for a discovery and inspection or any other pretrial procedures available to the petitioner in any article 78 proceeding he may bring to review the respondents’ determination with respect to his appeal.