Harold E. Koreman, J.
Petitioners seek a judgment in this article 78 proceeding directing the respondents to grant petitioners credit for answers to certain^ questions on New York State Promotion Examination No. 9053, or alternatively to eliminate such questions from the examination.
*574 This proceeding was originally returnable before Mr. Justice Foster, but because the petitioners herein, in addition to several other individuals, had brought another article 78 proceeding as to the same examination which had been returned before the writer, the instant proceeding was transferred to me.
The petitioners contend that the respondents’ choice of best answers to Questions Nos. 78, 79 and 80 was arbitrary and capricious and, although the petitioners were not unanimous in answering any of three questions, that each or any of the answers including their answers was and is an acceptable answer. Petitioners further allege that no answer listed on the examination, including the answer selected by respondents, is the best or most acceptable answer so that the answers of petitioners are equally acceptable or else the three questions cannot be correctly answered and must be eliminated.
In the answer, the respondents raise several objections in point of law. The first, that the Statute of Limitations has run, is based upon the theory that the statute began to run (1) on July 6, 1963 with respect to questions to which a petitioner did not object, and, (2) on or about October 29, 1963 when the eligible list was established. It appears the examination was held on June 29, 1963; the review of answers on July 6, 1963; the eligible list was established on October 29, 1963; the petitioners received their final mark on November 1, 1963 and they received notice of what the “final answers” were on November 14, 1963. Under such circumstances, the petitioners would not know they were aggrieved until November 14, 1963 (Matter of O’Neill v. Schechter, 5 N Y 2d 548). Since the notice of motion and petition herein were served on March 12, 1964 the proceeding was begun within the four-month statute.
The second objection in point of law is that the petitioners and others have already instituted another proceeding respecting the same examination and, therefore, the petition herein should be dismissed as it results in a multiplicity of proceedings concerning the same ultimate fact and a decision in the proceeding which was brought first would constitute res judicata so as to bar this proceeding. The answer to this objection is that the two proceedings involve different questions on the civil service examination and, while orderly procedure suggests one proceeding, the determination in one proceeding would not necessarily be determinative of the other.
The third objection in point of law is that the execution by each petitioner of a declaration that he will not print, publish or divulge any questions or answers to the examination con *575 stituted a waiver of any right to require respondents to produce the examination questions and answers. The three questions and answers, which are the subject of this proceeding, are not set forth in the respondents’ papers. The petitioners have set forth as much of what they believe the questions and possible answers to have been as they allege they can recall. The respondents state that they will submit the questions and answers to the court for its personal examination.
In their reply to the answer herein, the petitioners assert that furnishing the court the questions in issue along with “ pertinent and appropriate comments and affidavits ’ ’ would be contrary to our system of justice; that respondents might give only their side of the story and that respondents’ answer should be stricken because of their failure to set forth the questions.
The procedure suggested by the respondents appears to have been followed in the past (see Matter of Raybin v. New York State Civ. Serv. Comm., 32 Misc 2d 666, 669). Also, the refusal of civil service examiners to publicly divulge the precise questions and answers has been upheld (Matter of Flynn v. Niesley, 34 Misc 2d 361).
Upon my request, the respondents have furnished me with the three questions and answers as they appeared on the examination; the key answers; the objections of each petitioner to the particular questions and answers to which each objected (only the petitioner Dolan objected to all three questions and answers) when the examination was reviewed on appeal, and the respondents’ reasons for the dismissal of the appeals.
The instructions contained in and made a part of the examination read in part: “Each question or incomplete statement is followed by four or five possible answers lettered A, B, C, D, E. For each question, select that answer which is the most acceptable one among those listed” (italics mine). In addition, the instructions stated that the Department of Civil Service reserved the right to determine whether more than one of the answers listed for each question is to be deemed equally acceptable and credited as such, and the right to cancel any question whenever, in its judgment and discretion, it deems that none of the listed alternatives is an acceptable answer.
Thus, the court is called upon to determine first, whether the particular questions under review are susceptible of more than one answer, each of which would be equally acceptable. If they are, then the respondents would be acting arbitrarily in selecting only one as the correct answer (Matter of Acosta v. Lang, 13 N Y 2d 1079).
*576 An analysis of these questions reveals that they are not so inadequately or indefinitely framed as to make them incapable of a “ most acceptable ” answer, nor is the required standard of objectivity destroyed by the reservation of the right by the department to accept more than one answer as correct. The papers and exhibits submitted by petitioners in this proceeding do not establish that the answers given by them are equally acceptable. The respondents are vested with the authority to determine which answer is most acceptable to them, and, absent any showing that petitioners’ answers were better, or at least as good as the key answer selected, it cannot be said that the answers selected by respondents were the result of an arbitrary decision. While the court is in agreement with petitioners’ contention that they are only required to show that their answers were as good as those selected by respondents, the court cannot agree that respondents no longer have the authority to determine and select the most acceptable answers. To hold otherwise would require the courts to conduct and supervise all civil service examinations whenever some difference of opinion may exist. As stated by Dobe, J., in the dissenting opinion in Matter of Blumenthal v. Morton (273 App. Div. 497, 503). “ The judgment of the court is not to be substituted for the judgment of the commission. If it were, as the facts in this case persuasively indicate, the court in the final analysis would be drawn into preparing, revising and correcting questions in civil service examinations, supervising the examinations, and finally rating the papers. Such duties are not the court’s function. As this court said in People ex rel. Caridi v. Creelman (150 App. Div. 746, 749): ‘ The court can neither conduct nor supervise civil service examinations’.” (See, also, Matter of Gulotta v. Falk, 9 A D 2d 580; Matter of Cavanagh v. Watson, 201 Misc. 899, affd, 280 App. Div. 757; Matter of Shaughnessy v. Falk, 208 Misc. 788.)
Petitioners have not met the standards specified in Matter of Acosta v. Lang (13 N Y 2d 1079, supra). In my opinion, the respondents exercised their discretion within the constitutional limits of their jurisdiction (N. Y. Const., art. Y, § 6). While the power to review administrative action exists and should be exercised in an appropriate case, this is not such a case.
The petition is accordingly dismissed.