David F. Lee, Jr., J.
Petitioner seeks judgment, in a proceeding under CPLR article 78,
“1. That the Department of Civil Service be required to furnish him with a copy of the transcript of the oral examination conducted by the Department of Civil Service;
‘ ‘ 2. That the Department of Civil Service be directed to examine the petitioner in the field of counselling the severely handicapped, by a panel experienced in this field or in the alternative that the Department of Civil Service be directed to appoint the petitioner to the position of Senior Employment Counsellor; and for such other and further relief as to the Court may seem just and proper.”
The petitioner is an employment counselor in the Department of Labor Avho for more than 11 years ‘ ‘ has worked exclusively with the very severely handicapped, and since August 4, 1966, in the provisional appointment to the appointment of Senior Employment Counselor he had continued to work in this area alone.”
The New York State Department of Civil Service on July 10, 1964 announced “ Competitive Promotion Examinations ” which were open to all qualified employees of the Division of Employment, Department of Labor, for the positions of employment counselor and senior employment counselor. As an employment counselor petitioner was eligible for the promotion to senior employment counselor if he passed the examination. The announcement showed that equal “ relative weights ” were to be given the written test and the oral test. For each year of seniority .2 points were to be added to the weighted average. The announcement also included a statement concerning the
“ SCOPE OF ORAL TEST FOR SENIOR EMPLOYMENT COUNSELOR ” :
*782 ‘ ‘ The oral test will be designed, against the background of the position of Senior Employment Counselor, to evaluate ability to: (1) reason clearly and make sound judgments; (2) present ideas clearly and effectively; (3) develop and maintain effective working relationships with subordinates, other staff members, applicants and outside agencies and individuals in matters pertaining to counseling.
1‘ note : A candidate for Senior Employment Counselor will be required to attain a rating in the written test of at least 70, a rating in the oral test of at least 70, and a final weighted average of at least 75 in order to have his name placed on the eligible list.”
Petitioner satisfactorily passed the written examination taken by him on September 12, 1964. The oral examination for the position was given November 14, 1966, and “petitioner was informed on or about January 4,1967, that he had not received a rating sufficiently high in the oral examination to be placed on the eligible list for promotion to Senior Employment Counselor.”
Numerous questions are raised in this proceeding; however, the basic or primary question for determination by the court at the outset is the availability of relief to petitioner pursuant to CPLR article 78. Respondents ’ answer alleges ‘ ‘ For a Second Separate and Distinct Defense ”:
thirteenth : That the right of appeal from examinations conducted by the New York State Civil Service Commission is a statutory right and the Civil Service Commission is given power and authority by the Civil Service Law, Section 6, to establish rules and regulations for reviews and appeals from the result of such examinations. That pursuant to such statute, rules and regulations have been established by the Civil Service Commission, approved by Governor Rockefeller, and duly published as a regulation of the New York State Civil Service Commission, as required by law. See also: McKinney’s Consolidated Laws, Book 9, Rules and Regulations, Section 55 et seq. That such regulations provide that any candidate aggrieved may request a review of his examination (See. 55.4) and the opportunity to examine the same with expert counsel of his choice (Sec. 55.5 [a]) and to make known in writing his objections to any part of such examination (See. 55.5 [b]) or the procedures thereunder or the mark given to him by the examiners. That upon so notifying the Civil Service Commission of the particular objections to which the aggrieved candidate objects, the same are further and fully reviewed by the Civil Service Commission in order to intelligently act thereon, and if such objection has merit to properly re-evaluate the aggrieved candidate’s grade and to raise the same. That the petitioner herein wholly failed to take advantage of this procedure (Sees. 55.1-55.6) or to otherwise advise the Civil Service Commission in what respect, if any, he objected to the examination or any part thereof.
fourteenth: That the bringing of this petition without requesting the Civil Service Commission to make a determination or to pass upon the particular parts of the examination to which he objects, the Civil Service Commission *783 has been unable to make a ruling or to pass upon any objections raised by the petitioner until this application to the Court, and has thereby not only abandoned the objections to the examination but in addition thereto has prevented the Civil Service Commission from making a determination in favor of the petitioner as to such matters to which petitioner objects and has further foreclosed this Court because there is no specific objection or determination to be reviewed by this Court.
fifteenth: That such failure to follow the regulations of the Civil Service Commissioner, petitioner has abandoned any appeal by failing to set forth any determinations of the Civil Service Commission to be reviewed by the Court.
The petitioner urges in Ms reply brief that:
Since there has been no “record” of the oral examination, and the Department refuses even to make the transcription available to the Court on this proceeding, it is difficult to see how the petitioner could have taken advantage of any administrative appeal under these circumstances.
However, a review of the Civil Service Law, and the Regulations of the Commissioner of Civil Service show clearly that with regard to examinations there are no administrative appeals available.
Section 7801 of the CPLB excludes proceedings under that section only where:
“ * * * determination: 1. which is not final or can be adequately reviewed by appeal to * * * some other body or officer or where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the petitioner’s application unless * '1' * a rehearing has been denied, or the time within which the petitioner can procure a hearing has elapsed ”.
Section 55.2 of the Commissioner’s Regulations providing for appeals reads as follows:
“ [Subject of appeals.] A committee on appeals shall consider only such appeals as clearly demonstrate a manifest material error or mistake appearing in a rating key or scale or in the application of such key or scale to candidate test papers or other records of examination performance or eligibility for appointment and only if such error or mistake affects the eligibility or relative standing of candidates.”
It is the contention of the petitioner in this case that there was bias on the part of at least one of the examiners, which incidentally is not denied by the Attorney General. It is further the contention of the petitioner that the questions asked of him by the panel did not comply with the requirements of the Civil Service Law and case law. The Regulations of the Commissioner, of course, have no relevancy to the contentions of the petitioner in this case.
Respondents’ counsel asserts and urges in answer to petitioner’s contention:
[T]he petitioner offers the argument that there has been no record of the oral examination and that in substance there was no further administrative procedure for him to follow. This argument overlooks the fact that the only appeal procedure there is, contains these administrative procedures which, if they had been followed, would have made the tape record available to him and he could have it played back and made such notes as he needed for his determination. By submitting these points to the Civil Service Committee on Appeal there would have been specific determinations for Your Honor to review.
The vice of the procedure which petitioner is attempting to follow in saying *784 he has a right to appeal from the entire examination under Article 78, which has a 4-month limitation, can be seen by a review of the annual report and figures of the Civil Service Commission such as appeared in the Baybm case. Matter of Baybin v. Civil Service Commission (32 Misc 2d 666). The answer of the Civil Service Commission showed more than 32,000 applicants taking one examination. If any one of these 32,000 people could bring an action to review the examination at any time up to the expiration of Article 78 4-month Statute of Limitations, without notice of intent, obvious chaos would result. Merely to advise the Commission within five business days that they wanted to look their examination over is clearly reasonable. If the results of an examination are to be delayed, it should he done very quickly.
What the petitioner is attempting to do here is write his own ticket on appeal — something the Legislature has delegated not to him but to the Commission (Civil Service Law, § 6; 4 N. Y. R. R. [sic] §§ 52.1-5).
The court notes here, however, that the mandates of the New York State Constitution should not and cannot be passed over lightly or treated lightly, regardless of the number of applicants taking an examination. The Constitution of the State of New York commands that “ Appointments and promotions in the civil service of the state * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive (art. Y, § 6.)
The “ Notification of Examination Result ” sent to petitioner by the Department of Civil Service included a “ Notice to Candidate ’ ’ which reads, in part:
“If you wish to review the marking of your papers and/or a record of your oral test, you may do so (unless the announcement for this examination stated otherwise), upon written request made within five business days after the postmark date of this notice.”
That the announcement of this examination did not state “ otherwise ” is not disputed, and that the record of the oral test could be reviewed upon written request cannot be seriously disputed. Nor is it disputed that petitioner made no request, written or oral, “within * * * five business days” after the postmark date of the notice received by him (4 NYCRR 55.4). Petitioner did, however, on February 17, 1967 write a letter to the Department of Civil Service in which he stated, in part: “ I hereby request that I be furnished a transcript of my oral examination for Senior Counselor as taken from the tape and/or other records Avhich may have been kept.” A reply to his request said: “ Civil Service Law will not permit you to have a transcript of your oral test for examination No. 9452, Senior Employment Counselor, since the questions used are security material. ’ ’
*785 The petitioner might well have sought a review of his oral test and appealed under the Commission’s Regulations; however, until the committee on appeals made a determination which finally determined the rights of the parties, particularly those of the petitioner, the procedure of article 78 is not available to him. Where, as here, no request was made to review the record of the oral test and no appeal taken as provided for, and available to petitioner, there has been no final determination of the rights of the parties with respect to the matters the court is now asked to review. The court is also of the opinion that no ‘‘ clear legal right ’ ’ to the relief sought has been shown as to the contentions of the petitioner with regard to the scope or subject matter covered in the oral examination of petitioner given on November 14, 1966, nor as to the qualifications or the alleged bias of the personnel of the panel of oral examiners.The court concludes that the petition should be dismissed on the merits, without costs.