In the Matter of ALFRED H. GRUNER et al., Appellants, and GEORGE BLUMENTHAL, Intervener, Appellant, against JOSEPH A. MCNAMARA et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Argued January 4, 1949; decided January 13, 1949.

*George Blumenthal* for petitioners-appellants. I. The determination of the Municipal Civil Service Commission must be reversed if it is arbitrary, capricious, or unreasonable. II. Answer A is the best answer, as a matter of law and of fact.

(*Matter of Fink* v. *Finegan,* 270 N. Y. 356.) III. Answer D is incorrect, according to defendants' own statements. IV. At the very least, the question should be stricken from the examination. (*Matter of Blumenthal* v. *Morton,* 273 App. Div. 497, 298 N. Y. 563.)

*John P. McGrath, Corporation Counsel* (*Frank H. Crabtree* and *Seymour B. Quel* of counsel), for respondents. I. The selection of a best answer to question No. 60 was a matter within the discretion of the commission, and it was not the province of Special Term to substitute its opinion for that of the commission. (*Matter of Blumenthal* v. *Morton,* 273 App. Div. 497, 298 N. Y. 563; *People ex rel. Caridi* v. *Creelman,* 150 App. Div. 746; *Matter of Allen* v. *Finegan,* 254 App. Div. 858, 278 N. Y. 737; *Matter of Immediato* v. *Kern,* 254 App. Div. 672, 278 N. Y. 680.) II. The selection of answer D as the best answer to question No. 60 was neither arbitrary nor capricious, but was based upon entirely logical and reasonable grounds.

*Paul Windels* and *David B. Tolins* for Veterans' Organization of the Police Department, *amicus curiæ,* in support of respondents' position. I. The selection by the commission of answer D as the best answer was reasonable and proper in view of the language of question No. 60. (*People* v. *Burt,* 171 Misc. 166, 258 App. Div. 896, 283 N. Y. 740.) II. Unless the answer selected by the commission as the best answer is factually wrong or patently and provably wrong by every reasonable standard, the court will not, in the absence of fraud or bad faith, review such determination. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *People ex rel. Braisted* v. *McCooey,* 100 App. Div. 240; *People ex rel. Caridi* v. *Creelman,* 150 App. Div. 746.)

*Per Curiam.* In our judgment, question No. 60 is so indefinite and ambiguous as not to be capable of a " best " answer — the standard fixed by the Municipal Civil Service Commission for the examination in question. In point of fact, that was the initial view of the commission when, in publishing the tentative key answers, it accepted as correct the diametrically opposite answers " A " and " D ", with the notation that the question " does not clearly indicate " whether or not " the licensee was

licensed to carry the particular weapon found ". Inclusion of that sort of question deprives the examination of a standard " sufficiently objective to be capable of being challenged and reviewed, when necessary, by other examiners of equal ability and experience." (*Matter of Fink* v. *Finegan,* 270 N. Y. 356, 362.)

In such a case; one answer could be selected as " best " only on some arbitrary or compromise basis, with resulting injustice and prejudice to those candidates who selected the opposite answer, previously accepted by the commission as equally satisfactory. Fairness and a regard for settled principles require that the question be eliminated from the examination and that there be credit adjustments for the remaining questions. Only in that way will arbitrary action be avoided, requisite objectivity assured. To require the commission to eliminate any question which is not susceptible of a single best answer does not constitute interference with the discretion committed to the commission, but merely serves to keep that body within the constitutional limits of its jurisdiction.

The order appealed from should be reversed, and the Municipal Civil Service Commission directed to eliminate question No. 60 from the examination, making the essential readjustment in the credit to be given on each of the remaining questions, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Order reversed, etc.