In the Matter of WILLIAM J. SHAUGHNESSY, Petitioner, against ALEXANDER A. FALK et al., Constituting the Civil Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, September 1, 1955.

*Francis Q. Kelly* for petitioner.

*Jacob K. Javits, Attorney-General (Henry S. Manley, Raymond B. Madden* and *J. Bruce MacDonald* of counsel), for respondents.

TAYLOR, J. In this proceeding under article 78 of the Civil Practice Act the petitioner, who failed to receive a passing grade in a competitive examination for the position of assistant special deputy clerk, Supreme Court, Queens County, seeks to review the determination of the respondents who constitute the Civil Service Commission of the State of New York in fixing his mark thereon. He further seeks an order directing them to eliminate question 60 from credit consideration and to mark his answer to question 78 as correct. This would result in his attaining a passing grade. The facts are not in dispute.

The examination consisted of questions of the multiple choice type. In its instruction sheet the commission advised the candidates taking the examination that '' in establishing the key answers to this test [it] reserves the right to determine whether more than one of the answers listed for each question is to be deemed equally acceptable and credited as such.''

Question 60 reads as follows: '' A motion is made by the plaintiff under Rule 109 of the Rules of Civil Practice to strike out an affirmative defense as insufficient in law. No cross-motion is made. Of the following results, the one which may properly follow is that A. the answer may be stricken or the complaint may be dismissed B. the answer may be stricken, but the complaint may not be dismissed C. the answer may not be stricken, nor may the complaint be dismissed D. the complaint may be dismissed, but the answer may not be stricken.''

Rule 109 in pertinent part provides: '' After the service of an answer, the plaintiff may serve notice of motion to dismiss a counterclaim or strike out a defense consisting of new matter contained therein, where one or more of the following defects appear on the face thereof: * * * 6. That the defense consisting of new matter is insufficient in law. If upon a motion made pursuant to this subdivision, it shall appear that the complaint does not state facts sufficient to constitute a cause of

action, the court hearing the motion may dismiss the complaint, and in its discretion allow the plaintiff to amend the complaint upon such terms as are just, even in the absence of a cross-motion therefor.''

The respondents originally established A as the key answer and upon appeal also allowed credit for alternate answer D. The petitioner chose answer C which he concedes is not correct. He urges as the basis for the elimination of the question from the examination that A is also incorrect in the respect that rule 109 contains no authority for striking the entire pleading of a defendant on motion of a plaintiff and if correct that the acceptance by the commission of two diametrically opposite answers as equally satisfactory for credit constituted arbitrary action. That the dismissal of the complaint for legal insufficiency is a properly followable result the petitioner agrees. The respondents argue that A is correct if the assumption is made that the separate defense constituted the defendant's entire answer and that D is the appropriate answer if the question's premise is that the defendant's pleading contained, in addition to the defense moved against, a counterclaim or one or more of the forms of denial permitted by subdivision 1 of section 261 of the Civil Practice Act.

Each of the four possible alternative answers to question 60 has two component parts of which one pertains to the motion's effect on the complaint and the other to its consequence to the answer. Alternatives A and D correctly indicate that the complaint may be dismissed for legal insufficiency. The pertinent parts of answers B and C concededly are wrong in that regard. However, the question failed to inform the applicants whether or not the separate defense to which the motion is addressed constitutes the entire pleading. In selecting A as its key answer the commission's initial view obviously was that it did. When its attention was called to the inadequacy, it compensated for an opposite interpretation by awarding credit also for answer D, the only other possibility. The antithesis which it is claimed thus resulted is unprejudicial to the petitioner. The instructions to examinees which '' are an integral part of the examination and constitute a predicate of both the candidates' and commission's action '' (*Matter of Blumenthal* v. *Morton*, 273 App. Div. 497, 500) reserved to the commission the right to determine whether more than one of the answers listed for each question might be deemed equally acceptable. The demonstration here is that the commission exercised its retained discretion within reasonable limits to correct its error and to obviate injustice

to those candidates who may have been misled by the question's deficiency. In the light of the wide discretion with which the commission is vested in preparing and grading examinations for State civil service positions, its action in accepting answers A and D to question 60 under the instant circumstances cannot be held to have been an arbitrary or illegal exercise of its administrative power. (*Matter of Cavanagh* v. *Watson*, 201 Misc. 899, affd. 280 App. Div. 757; *Matter of Convery* v. *Brennan*, 136 N. Y. S. 2d 265, affd. 283 App. Div. 1048; *Matter of Cirasole* v. *Brennan*, 136 N. Y. S. 2d 154; *Matter of Sulger* v. *Municipal Civil Service Comm., City of New York*, 135 N. Y. S. 2d 723.)

*Matter of Gruner* v. *McNamara* (298 N. Y. 395) and *Matter of Blumenthal* v. *Morton* (*supra*) upon which the petitioner relies are distinguishable since the standards there permitted only the selection of the one " best " answer to questions which did not lend themselves to that type of answer except " on some arbitrary or compromise basis.''

Question 78 is as follows: " X was struck by a car driven by Y and was taken to R Hospital, a city hospital, where he was treated by M, a physician on the hospital staff. X now is bringing suit against Y for damages for personal injury, and wishes to have M testify at the trial as to the extent of the injuries for which X was treated. Which one of the following is the most correct procedure by which X can compel M's attendance at the trial? A. A properly served subpœna, filed in and signed by X's attorney, is sufficient to compel M's attendance. B. A properly served subpœna, signed by the clerk of the court and by X's attorney, is sufficient to compel M's attendance. C. A properly served subpœna, issued by and under the hand of the judge of the court, is necessary to compel M's attendance. D. A properly served subpœna signed by X's attorney, together with a copy of an order of the judge of the court authorizing such subpœna, is necessary to compel M's attendance.''

The respondents accepted D as the correct answer. The petitioner chose answer A. There was reasonable basis for the commission's determination that D is an acceptable answer (Civ. Prac. Act, § 296-a; 6 Carmody-Wait Cyclopedia of N. Y. Prac., § 8, p. 331; 8 Wigmore on Evidence [3d ed.], § 2206, p. 141; *Woernley* v. *Electromatic Typewriters*, 271 N. Y. 228) and the court's intervention therefore may not be successfully invoked. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *Matter of Fitzgerald* v. *Conway*, 275 App. Div. 205, 209–210; *Matter of Firshein* v. *Reavy*, 263 App. Div. 490, affd. 289 N. Y. 712; *Matter of Furman* v. *Marsh*, 185 Misc. 209.)

The petitioner's cross motion to strike the separate defense in the respondents' answer is denied.

The petition is accordingly dismissed, without costs.

Submit order.