■ NORMAN HELLER, Appellant, v. EUGENE J. WARD et al., Respondents, et al., Defendant.— In an action to recover damages for fraud and for conversion, the appeal is from so much of an order as opened respondents' default and permitted them to answer on terms, within a stated period. Order modified by striking therefrom everything following the word "hereby" in the second ordering paragraph and by substituting therefor the word "denied". As so modified, order insofar as appealed from affirmed, with $10 costs and disbursements to appellant, without prejudice, if respondents be so advised, to a renewal of the motion upon proper papers. The facts stated in the moving papers are insufficient to show that the respondents' default was due to mistake, inadvertence, surprise or excusable neglect (cf. *Eastern Dist. Realty Co.* v. *Kahane*, 277 App. Div. 784; Civ. Prac. Act, § 108). Furthermore, there is no factual showing that the respondents have a meritorious defense, nor has any proposed answer been submitted. Under the circumstances, it was an improvident exercise of discretion, upon this record, to grant the motion (*Horwitz* v. *Gardner*, 283 App. Div. 780; *La Vin* v. *La Vin*, 279 App. Div. 873). Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ In the Matter of JOSEPH V. FERNANDES et al., Respondents, against BERNARD T. SILVERMAN et al., Constituting the Civil Service Commission of the City of Yonkers, Appellants.— On October 19, 1957 the Civil Service Commission of the City of Yonkers conducted a written examination for promotion to police sergeant. There were 80 multiple choice questions. The instructions to the candidates in pertinent part read: " For each question, select that answer which you believe to be the most acceptable one among those listed. * * * Note: The Commission * * * reserves the right to determine whether more than one of the answers listed for each question is to be deemed equally acceptable and credited as such." The final key answers published by the commission disclosed that, out of the 80 questions, there were 6 as to which there were 2 acceptable answers and 1 as to which there were 3 acceptable answers. In this proceeding pursuant to article 78 of the Civil Practice Act to cancel the written examination or to eliminate the seven questions which could not be answered with one most acceptable answer, and for other relief, the appeal is from an order which, *inter alia*, directed appellants to select the one most acceptable choice in answer to each of the questions and to rerate the examination papers on the basis of the choice selected. Order reversed, without costs, and proceeding dismissed, without costs. The Special Term's determination was based on *Matter of Blumenthal* v. *Morton* (273 App. Div. 497, affd. 298 N. Y. 563). There the candidates were instructed to select the " best " answer of the choices given. However, there was no instruction in that case, as there is here, that more than one answer to a question might be deemed correct. Where that right is reserved, the commission has the power to select more than one acceptable answer. (*Matter of Cavanagh* v. *Watson*, 201 Misc. 899, affd. 280 App. Div. 757, motion for leave to appeal denied 304 N. Y. 986; *Matter of Shaughnessy* v. *Falk*, 208 Misc. 788.) There is no showing that the action of appellants in selecting more than one acceptable answer to the seven questions involved was not a proper exercise of discretion, or that it was arbitrary, capricious, unreasonable or illegal. Nolan, P. J., Beldock, Ughetta and Kleinfeld, JJ., concur.