In the Matter of ANDREW DOLAN et al., Appellants, *v.* MARY G. KRONE et al., Constituting the Civil Service Commission of the State of New York, Respondents.

Third Department, December 18, 1964.

*Arthur Horn,* appellant in person, and for Andrew Dolan and others, appellants.

*Louis J. Lefkowitz, Attorney-General (Joseph J. Rose* of counsel), for respondents.

REYNOLDS, J. This is an appeal from an order of the Supreme Court, Albany County, dismissing appellants' petition in a proceeding brought pursuant to article 78 of the CPLR to compel the Civil Service Commission to grant them credit for an answer given on a competitive promotional examination.

The 17 appellants took competitive civil service examinations for the posts of Deputy Clerk or Assistant Deputy Clerk, Supreme Court, First Department. Question 28 on both examinations read:

"The court may direct the jury in a criminal proceeding to be discharged before the case is submitted to them if it appears from the testimony that

"1. The facts proved constitute a crime of a higher nature than that charged in the indictment.

"2. The court does not have jurisdiction of the crime charged in the indictment.

"3. The facts as charged in the indictment do not constitute a crime.

"A. 2 only

"B. 1 and 2 only

"C. 2 and 3 only

"D. 1, 2 and 3."

All petitioners gave " D " as their answer and " D " was the tentative key answer when the petitioners examined such answers in accordance with the commission's " pre-rating appeal " system. Subsequently, however, the key answer was changed by the commission to " C " when other examinees disputed the answer. The present proceeding seeks to review that change, there being no further administrative remedy available.

To sustain their position petitioners need only show that their answer is better or at least as acceptable as the key answer (*Matter of Acosta* v. *Lang,* 13 N Y 2d 1079, 1081). Here the question resolves itself to whether in a criminal case a Judge may discharge the jury before the case is submitted to them if the facts proved constituted a crime of a higher nature than that charged in the indictment. If the answer is "yes", "D" is the correct answer and petitioners must prevail. If "no" is the answer, "C" is the correct answer and the order appealed from must be affirmed. Unlike some situations there is no middle course which would make both answers acceptable. The original answer of "D" was based on section 400 of the Code of Criminal Procedure which specifically supports petitioners' answers. However, while this law still appears in the code it was declared unconstitutional in *People ex rel. Blue* v. *Kearney* (181 Misc. 981, affd. 292 N. Y. 679) on the ground that it exposes defendants to double jeopardy. The petitioners acknowledge this but assert that the questions on criminal law were explicitly based on statutory provisions and that since section 400 of the Code of Criminal Procedure was still in the printed texts, answer "D" should be accepted. The instructions for that part of the exam, however, state in pertinent part: "You are not charged with knowledge of the 1963 Law. Therefore, *where statutes are involved,* base your answer of [*sic*] the Law in effect on December 31, 1962." (Emphasis added.) We find it implicit from these directions that the questions were not based solely on statute law. Petitioners also assert that "D" is acceptable by virtue of section 260 of the Penal Law. Section 260 provides: "A person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime was consummated, unless the court, in its discretion, discharges the jury and directs the defendant to be tried for the crime itself." This statute has not, to our knowledge, met the fate of section 400 and that section 260 allows discharge of a jury when the facts indicate "a crime of a *higher nature* than that charged in the indictment" (emphasis added) seems evident. Nevertheless this is an extremely narrow exception to the general rule as set forth in *People ex rel. Blue* v. *Kearney* (*supra*), and the examination instruction specifically call for the "practice and procedures *generally applicable* to courts of record in New York State" (emphasis added). Section 260 is "generally applicable", of course, in the sense that it applies to all cases of indictments charging attempts to commit crimes (see *People* v. *Cosad,* 253 App. Div. 104, 108) but it is an isolated and excep-

tional provision nevertheless. More important, however, it does not constitute, and is not indicative of *" practice and proceedures* generally applicable " (emphasis added). Thus under the test instruction " C " is the only acceptable answer.

We find no merit in petitioners' contention that the Civil Service Commission's " pre-rating appeal " system is arbitrary or capricious (Civil Service Law, § 6, subd. 5).

HERLIHY, J. (dissenting). The question on the examination, as set forth in the majority decision, was apparently drafted without due regard as to what would constitute the correct answer. The majority decision would seem to affirm this statement. The examination directive as to the question involved stated that the purpose of the answer was " to test your knowledge of practice and procedures *generally applicable* to courts of record in New York State " and further " You are not charged with knowledge of the 1963 Law. Therefore, *where statutes are involved,* base your answer of [*sic*] the Law in effect on December 31, 1962." (Emphasis added.)

Section 260 of the Penal Law and section 400 of the Code of Criminal Procedure were on the statute books at the time of the examination. Further research disclosed that *People ex rel. Blue* v. *Kearney* (181 Misc. 981, affd. 292 N. Y. 679 [decided 1944]) had declared the latter section unconstitutional on the ground that the accused would be put in double jeopardy. However, section 400 of the Code of Criminal Procedure was included in Gilbert's Criminal Code for the year 1963 and a reading of the editorial notes thereunder would hardly alert an attorney that the section had been declared unconstitutional. Under " Constitutionality ", the *Kearney* case is cited without comment.

Following the examination, the civil service examiners first designated " D " as the correct answer but before publication they were advised of the *Kearney* decision and decided to recognize " C " as the correct answer. It may be cogently argued that such decision by the examiners in no way legally affected the rights of the petitioners but the troublesome problem is whether or not both answers were acceptable. In *Matter of Acosta* v. *Lang* (13 N Y 2d 1079, 1081) the court said: " Where there are two equally acceptable answers to a question, the selection of one as the correct answer must be deemed to be the result of an arbitrary decision (*Matter of Fink* v. *Finegan,* 270 N. Y. 356; *Matter of Gruner* v. *McNamara,* 298 N. Y. 395)."

The majority asserts that section 260 of the Penal Law is an exception to the rule of *People ex rel. Blue* v. *Kearney*

(*supra*) and that therefore, it is not *generally applicable* to courts of record in the State of New York. I cannot perceive the relationship between whether or not the statute is an *exception* and whether or not it is *generally applicable* to all of the courts of record of the State of New York.

It is not questioned that the Civil Service Commission was acting in good faith but it unwittingly approved of an examination question which was inexact and inappropriate, subject to several interpretations, and where answer " C " or " D ", or both, could be accepted as " generally applicable " to courts of record in New York State. Under such circumstances, it seems to me that to say that " C " was the best answer is arbitrary.

The difficulties encountered before deciding which was the right answer may well have required the services of the proverbial " Philadelphia lawyer ". The application of " hornbook law " would be of little help to the candidates trying this particular examination.

There is, in my opinion, no fair basis for the majority conclusion that " C " is the only acceptable answer.

Therefore, I would reverse the judgment which dismissed the petition, on the law and the facts, and grant the relief requested therein.

GIBSON, P. J., TAYLOR and AULISI, JJ., concur with REYNOLDS, J.; HERLIHY, J., dissents and votes to annul, in an opinion.

Judgment affirmed, without costs.