In the Matter of PHILIP J. FRANCIS, Appellant, v ANTHONY J. COLUCCI et al, Constituting the Buffalo Municipal Civil Service Commission, Respondents.—Judgment unanimously reversed, with costs, and petition granted in accordance with the following memorandum: In the findings made by them following the hearing on petitioner's challenge to the grading

of Question No. 44 on the November 10, 1973 civil service examination for the office of Police Inspector, respondents conceded that the Office of Special Intelligence of the Buffalo Police Department was no longer in existence. In view of the elimination of that office some seven years prior to the examination, Answer "D" to Question No. 44—which offers "Office of Special Intelligence, Bureau of Vice Investigation Section, Buffalo Police Department" as an agency to which violations of law regarding alcoholic beverages must be reported—is an incorrect answer, and could not therefore be designated by respondents as the key answer for which credit was given *(Matter of Connaughton v Taylor,* 1 NY2d 864). If, as respondents urge, attention is focused on their authority to select the "best" answer, then, by the standard articulated by the Court of Appeals in *Matter of Acosta v Lang* (13 NY2d 1079), the decision made with respect to Question No. 44 was arbitrary and thus subject to judicial abrogation. "Where there are two equally acceptable answers to a question, the selection of one as the correct answer must be deemed to be the result of an arbitrary decision" (p 1081). Since all of the four answers offered on this multiple choice question were wrong, all were equally acceptable—or, more precisely, equally unacceptable. It was therefore arbitrary for the commission to select one of the four incorrect answers as the one for which credit was allowed. Neither the commission nor the court should devote itself to a determination as to which of four incorrect answers is less wrong. The question should therefore be eliminated from the three examinations in which it appeared with appropriate readjustment of credit for each of the remaining questions to all examinees *(Matter of Dolan v Krone,* 16 NY2d 917, remittitur amd 17 NY2d 912; *Matter of Gruner v McNamara,* 298 NY 395). (Appeal from judgment of Erie Special Term in article 78 proceeding.) Present: Cardamone, J. P., Simons, Mahoney, Goldman and Del Vecchio, JJ.