■ WILLIAM A. DUQUIN, Appellant, v ANTHONY J. COLUCCI et al., Constituting the Municipal Civil Service Commission of the City of Buffalo, Respondents.—Judgment unanimously reversed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: This is an appeal from a judgment of Supreme Court, Erie County, dismissing appellant's article 78 petition. The petition sought review of determinations of the Municipal Civil Service Commission of the City of Buffalo (the Commission), made with respect to an examination given for the position of assistant housing manager. In his petition appellant demanded judgment against the Commission, requiring it to accept his answers to certain of the multiple choice type questions on the examination or, in the alternative, to accept more than one answer to such questions as correct. Appellant also sought deletion of questions 4, 5, 21, 22 and 90 as not being "reasonably related to the position of Assistant Housing Manager". The judgment of Special Term is reversed and the matter remitted for development of a proper evidentiary record. On remittal, the Commission is directed to file with their answer the disputed questions and answers for the examination (Matter of Kurtz v Krone, 22 AD2d 988), including the examination instructions and all other papers "material" and "evidentiary" relative to the examination and decision of the Municipal Civil Service Commission of the City of Buffalo which are the subjects of this proceeding (CPLR 7804, subds [d], [e]). Such authority is vested in Special Term (Matter of Occhino v Hostetter, 21 AD2d 744). Though a court may not set aside an administrative action simply because it might have made a different determination were it empowered to do so (Matter of Meschino v Lowery, 34 AD2d 255), the agency must demonstrate to the court the existence of a rational basis for its determination (Matter of McPartland v McCoy, 35 AD2d 641). On this record the Commission's answer did not present an adequate basis to demonstrate the rationality of its deletion of certain questions. Nor did the Commission make any showing demonstrating that certain questions were reasonably related to the position of assistant housing manager. There existed, therefore, no adequate record upon which Special Term could make its determination (see Matter of Barry v O'Connell, 303 NY 46, 52). On remittal Special Term need not reconsider appellant's contention that the Commission has the power to accept two answers as correct. As Special Term has correctly determined, the Commission may only accept such "alternate" answers if it expressly reserves that right in the examination instructions (Matter of Fernandes v Silverman, 10 AD2d 633, affd 9 NY2d 681). Where, as here, the examination instructions call for only the "best" answer to each question, it would be arbitrary and unreasonable for the Commission to deviate from those instructions and accept alternate answers (Matter of Gruner v McNamara, 298 NY 395). The examination instructions constitute the predicate for both the candidate's and the Commission's action (Matter of Blumenthal v Morton, 273 App Div 497, 500, affd 298 NY 563). If more than one answer can be deemed "best" to a particular question, that question must be deleted (Matter of Acosta v Lang, 13 NY2d 1079; Matter of Francis v Colucci, 49 AD2d 1009). (Appeal from judgment of Erie Supreme Court—article 78.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.