■ In the Matter of HENRY PILSNER, Also Known as HENRY HANSON, Also Known as HENRY HESS, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. — In a proceeding pursuant to CPLR article 78, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Ritter, J.), dated March 26, 1981, which dismissed his petition to (1) vacate a parole violation warrant lodged against him and (2) restore him to parole. Judgment reversed, without costs or disbursements, and matter remitted to the respondent Parole Board for further proceedings in accordance herewith. On June 20, 1973 petitioner was sentenced under the name of Henry Hanson to two concurrent prison terms of 0 to 8 years and 0 to 7 years, after his convictions for the crimes of robbery in the first degree and criminal possession of a dangerous weapon. He was conditionally released on parole from such sentences on May 15, 1978, also under the name of Henry Hanson. While on parole, petitioner was arrested on September 13, 1978 on new charges under the name or names of Henry Pilsner, also known as Henry Hess. A warrant for parole violation was issued on September 20, 1978 for the apprehension of petitioner under the name of Henry Hanson. On December 8, 1978, petitioner, under the name or names of Henry Pilsner, also known as Henry Hess, pleaded guilty in connection with the new charges to the crime of attempted possession of a weapon in the third degree before Mr. Justice Dontzin, in the Supreme Court, New York County (Part A); on February 7, 1979 he was sentenced by the same Judge to a prison term of 1½ to 3 years, *to run consecutively to his parole time owed.* Before

Special Term and on this appeal, petitioner asserts that the respondent Parole Board knew or should have known that he was back in a State correctional facility as evidenced by the commitment papers issued with respect to the sentence he received from Justice Dontzin; nevertheless his final revocation hearing was not held until 14 months after his arrest on September 13, 1978. The respondent board, both at Special Term and on this appeal, contends that under the circumstances and because of the deception practiced by the petitioner in assuming aliases to prevent his identification within the criminal justice system, he could not be deemed to have been subject to the convenience and practical control of the board when he was taken into custody and later convicted under the name or names of Henry Pilsner, also known as Henry Hess. According to respondent, it was not until on or about August 20, 1979 that it discovered, as a result of a chance recognition by a correction guard at the Great Meadow Correctional Facility, that Henry Hanson and Henry Pilsner, also known as Henry Hess, were one and the same. Respondent also notes that on August 24, 1979 petitioner executed a waiver of a preliminary hearing. The final hearing was scheduled for October, 1979. However, in October the hearing was postponed for one month at the request of the petitioner. On November 28, 1979 the final revocation hearing was held. In dismissing the petition, Special Term held that petitioner assumed various aliases for the purpose of avoiding proper identification within the criminal justice system, and that under the circumstances the Parole Board acted with all reasonable speed to offer a probable cause hearing after discovery of his dual identity. His waiver commenced the running of the 90-day period pursuant to section 259-i (subd 3, pars [d], [f], cl [i]) of the Executive Law, and the final revocation hearing was held within the statutory period. On the record before us, we are unable to determine whether petitioner employed various names or aliases for the express purpose of avoiding discovery by officials of the Parole Board, especially since there is evidence in the record that Justice Dontzin sentenced him on February 7, 1979, to an indeterminate term of imprisonment to run consecutively to the *"parole time owed"* (emphasis supplied). On the other hand it cannot be held on this record that sufficient information concerning petitioner's parole violation was divulged when the criminal case was before Justice Dontzin to alert the respondent board that it should then conduct its own investigation with respect thereto as expeditiously as possible. Since the transcript of the minutes of the plea of guilty and sentencing proceedings before Justice Dontzin were not introduced in evidence either at the final revocation hearing or at Special Term, we are unable to conclude exactly what information was imparted relative to the issues involved herein, and thus the record is not sufficiently complete to permit proper judicial review thereof (cf. *Matter of Rodriguez v Ward,* 64 AD2d 792). Therefore, at the final revocation hearing *de novo,* the respondent shall furnish a transcript of the minutes of the proceedings before Justice Dontzin and also supply petitioner's attorney with a copy. In addition, either party may introduce such other material and relevant evidence for the purpose of developing a proper evidentiary record (cf. *Duquin v Colucci,* 55 AD2d 832). Damiani, J. P., Gulotta, Rubin and Boyers, JJ., concur.