Memorandum. Special Term ordered a trial to determine whether the commission’s choice of best answers to questions Nos. 1, 46, 54, 77 and 93 was so arbitrary as to violate petitioners’ rights. The Appellate Division, however, held that *1081 there was no triable issue. On appeal to this court petitioners ask no more than that the Special Term order be reinstated and a trial be held. We cannot, therefore, go further although it is arguable that the questions themselves are on their face inexact and inappropriate and that the commissi on was purely arbitrary in its choice of “best” answers. Petitioner is not required to show that there is no reasonable basis for the key answer selected by the commission, but merely that the answer given by the candidate on the test is better or at least as good as the key answer. Where there are two equally acceptable answers to a question, the selection of one as the correct answer must be deemed to be the result of an arbitrary decision (Matter of Fink v. Finegan, 270 N. Y. 356; Matter of Gruner v. McNamara, 298 N. Y. 395). A hearing to determine such an issue does not constitute an interference with the discretion committed to the commission but merely serves to keep that body within the constitutional limits of its jurisdiction (N. Y. Const., art. V, § 6). Notwithstanding the limitations on the review of administrative action, the power nonetheless exists and should be exercised in an appropriate case. This is such a case. (See, also, Matter of Blumenthal v. Morton, 273 App. Div. 497, affd. 298 N. Y. 563.)
Chief Judge Desmond and Judges Dye, Fuld, Yan Yoorhis, Burke, Foster and Scilepfi concur.
Order of Appellate Division reversed and that of Special Term reinstated, without costs.