Arnold G-. Fraiman, J.
This is an article 78 proceeding brought by 21 successful candidates in a promotion examination for the position of district superintendent, Department of Sanitation, City of New York, against the city’s Department of Personnel and Civil Service Commission.
The examination was held on October 24, 1970 and was taken by approximately 500 candidates, all of them foremen in the Department of Sanitation. It consisted of 100 multiple choice questions. A score of 70% or higher was passing. Based upon the proposed key answers published by respondents shortly after the examination, 90 persons, including all the petitioners, passed. Each candidate was given until November 26, 1970 to file protests against the proposed key answers, and a number of protests were filed. Thereafter, on January 29, 1971, the commission, by resolution, created a five-member Test Validation Board (“ the Board ”) to review the examination. The Board consisted of two Sanitation Department officers with the rank of district superintendent and ¡senior superintendent, respectively, designated by the Association of Classified Employees, Department of Sanitation, Local 444, S. E. I. U., A. F. L.-C. I. O., the union to which all candidates who took the examination, including petitioners, belonged; the deputy personnel director and the director of the Bureau of Examinations of the city’s Department of Personnel; and a fifth member nominated by the other four members of the Board from a list or arbitrators suggested by the Office of Collective Bargaining. On March 17,1971, the Board issued a report recommending to the commission the final key answers to the examination. The Board’s recommendations, which were unanimous, were that 3 questions be deleted from the examination; that the examination papers be graded on the basis of 97 instead of 100 questions; and that certain alternate answers to 14 other questions be accepted as correct in addition to the proposed key answers. The commission *70 adopted these recommendations in toto and the results of the examination were revised accordingly. As a consequence, 287 of the ¡candidates who, on the basis of the proposed key answers, had failed the examination, received passing grades. Petitioners claim that many of these 287 persons had greater seniority or higher1 performance ratings than petitioners or had unused veterans’ credits which resulted in petitioners being placed in lower positions on the eligible list than they would have occupied if the three questions were not deleted and the proposed key answers not changed. They seek to have the three deleted questions restored and the alternate answers recommended by the Board eliminated. Promotions to district superintendent from the eligible list for the examination established by the Department of Personnel have been stayed by the court pending the resolution of this proceeding.
Petitioners contend (1) that the action of the commission in creating the Test Validation Board was illegal; and (2) that the commission acted arbitrarily and capriciously in deleting 3 of the questions and accepting alternate answers to 14 of the other questions on the examination.
The creation of the Test Validation Board by the commission for the purpose of reviewing the test items, proposed key answers and summary of protests was well within the authority of the commission. (Matter of Fitzgerald v. Conway, 275 App. Div. 205; Matter of Barlow v. President & Comrs. of N. Y. State Dept. of Civ. Serv., 28 A D 2d 1058; Matter of Rosner v. Civil Serv. Comm. of N. Y. State Dept. of Civ. Serv., 38 A D 2d 628.) In Matter of Fitzgerald (supra) the court upheld the propriety of the employment by the Civil Service Commission of a qualified individual not in the official service of the State to prepare certain of the questions used on a State civil service examination fof the position of veteran counselor. Similarly, the selection of k panel of examiners from without the State Civil Service to conduct an examination for the position of senior attorney was held not in violation of the Civil Service Law in Matter of Barlow (supra). And the court in Matter of Rosner (supra) upheld a requirement that a candidate for the position of medical specialist III had to be examined and certified by the American Board of Neurological Surgery, an organization not connected with the State Civil Service. Petitioners’ attempt to distinguish these cases on the ground that they involve the State rather than the city civil service system and that each deals with the preparation of test questions rather than the grading of answers is fruitless,. Section IV, rule 4.4.4. of the Rules and Regulations *71 of the City Department of Personnel and Civil Service Commission specifically authorizes the city to retain outside assistance for examinations where “ appropriate and necessary.” The rule provides as follows: “ The [personnel] director may secure outside expert assistance in examinations in such cases as he deems appropriate and necessary.”
Moreover, it is significant to note that the purpose of the Test Validation Board was solely to make recommendations to the commission concerning the grading of the examination. Its recommendations were not binding. The fact that all of the Board’s recommendations were adopted is neither relevant nor surprising inasmuch as each represented the unanimous opinion of the Board. Finally, the members of the Board Avere clearly qualified for their task. The two members recommended by the union were veteran members of the Sanitation Department each of whom had occupied for a substantial period of time the very position for which the examination was given. Two of the other members were senior employees of the Department of Personnel, and the fifth member was an experienced laAvyer and skilled arbitrator.
In upholding the legality of the Test Validation Board, the court has borne in mind the fact that all of those who took the examination, including petitioners, belonged to the union which designated íavo of the Board’s members. If the situation had been otherwise, a serious question might be raised concerning the method of selection of the Board.
As noted, the second point raised by petitioners is that respondents acted arbitrarily and capriciously in deleting 3 questions and in accepting alternate key answers to 14 other questions. The court has considered each of the questions involved and the comprehensive explanations offered by the Board in support of its recommendations as set forth in respondents ’ moving papers. On the basis of such examination, the court is satisfied that the 3 questions which Avere eliminated were £ £ on their face inexact and inappropriate ’ ’, and that the alternate answers adopted by the commission to 14 of the other questions were equally as acceptable as the proposed key answers to such questions'. (Matter of Acosta v. Lang, 13 N Y 2d 1079, 1081.)
For the foregoing reasons the petition must be dismissed.