■ In the Matter of FREDERICK LENHARD, Respondent, v WILLIAM E.

KIRWAN, as Superintendent of New York State Police, Appellant. (Proceeding No. 1.) In the Matter of JOHN P. DUNNING et al., Respondents-Appellants, v WILLIAM G. CONNELIE, as Superintendent of New York State Police, Appellant-Respondent. (Proceeding No. 2.)—Appeal in Proceeding No. 1 from a judgment of the Supreme Court at Special Term, entered August 28, 1975 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondent to rescore Question No. 20 on a promotional examination for Sergeant of the New York State Police, and cross-appeals in Proceeding No. 2 from a judgment of the same court, entered October 17, 1975 in Albany County, which granted, in part, petitioners' application, in a proceeding pursuant to CPLR article 78, by directing respondent to rescore the same question. We are here concerned with two separate appeals involving the correct answer to a question designated as No. 20 on a promotional examination given on February 22, 1975 for the position of Sergeant of the New York State Police. For convenience and clarity we will refer to one appeal as "Lenhard" and the other as "Dunning". Question No. 20 reads as follows: "A husband, in response to a plea of his incurably ill wife, intentionally brings her a lethal drug in order to aid her in ending a tortured existence. She takes it and dies. What is the highest degree of crime with which husband can be charged: A) Criminally Negligent Homicide, B) Manslaughter, 2nd Degree, C) Murder, D) None of the above." All petitioners selected answer "C) Murder". Respondent Superintendent of the State Police rejected this answer, contending that the correct answer was "B) Manslaughter, 2nd Degree". These article 78 proceedings were thereafter instituted seeking orders revising respondent's scoring of Question No. 20 so that only answer "C" would receive credit by the candidates. Special Term in Lenhard granted the petition. Special Term in Dunning granted the petition to the extent only that credit be given for both answers "B" and "C". These appeals ensued. It is well settled that in order to succeed it is not incumbent upon petitioners to demonstrate that there is no reasonable basis for the key answer, "but merely that the answer given by the candidate on the test is better or at least as good as the key answer." *(Matter of Acosta v Lang,* 13 NY2d 1079, 1081.) It is most significant that Question No. 20 calls for "the *highest* degree of crime with which the husband can be *charged."* (Emphasis supplied.) In considering the issues, we reject the superintendent's contention that within the context of the examination the term "charged" was interchangeable with the term "committed" and that the candidates should have so understood. The candidates in question were police officers trained in investigating and prosecuting alleged crimes. They were being tested, among other things, on their knowledge of the Penal Law. It is elementary that one is often convicted of a lesser crime than that for which he has been charged. The former results only after a plea or a determination by the court or jury. Furthermore, the ordinary meaning of the word "charged" differs substantially from that of "committed" and we must give both words their ordinary meaning. In scoring such an examination objectivity must prevail *(Matter of Fink v Finegan,* 270 NY 356). It would be a wholly subjective standard to the examiners to permit them to interchange the terms "charge" and "committed". A clear understanding of this controversy necessitates an examination of section 125.25 of the Penal Law which provides: "A person is guilty of murder in the second degree when: 1. With intent to cause the death of another person, he causes the death of such person or of a third person; except that in any prosecution under this subdivision, it is an affirmative defense that: * * * (b) The defendant's

conduct consisted of causing or aiding, without the use of duress or deception, another person to commit suicide. Nothing contained in this paragraph shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the second degree or any other crime." In analyzing the hypothetical situation presented in Question No. 20 in light of this section of the Penal Law, we are of the view that the only correct answer under the circumstances is "C) Murder". It is true that the section provides for a mitigating affirmative defense which, if successful, would result in a conviction of manslaughter, second degree. Such a result, however, presupposes that the defendant will first plead the defense to a charge of murder, second degree, and then successfully meet the burden of establishing it to the satisfaction of the trier of the facts. (Penal Law, § 25.00, subd 2.) We note also that it is not the prerogative of the investigating officer to initially charge the lesser crime of manslaughter. He has neither the authority nor jurisdiction to do so. Consequently, the judgment in Lenhard should be affirmed and the judgment in Dunning modified so as to provide that answer "C" is the only answer to be given credit. In *Matter of Lenhard v Kirwan,* judgment affirmed, without costs. In *Matter of Dunning v Connelie,* judgment modified, on the law, to the extent of striking therefrom that part of the judgment which granted credit for answer "B) Manslaughter, 2nd Degree" to Question No. 20, and, as so modified, affirmed, without costs. Sweeney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.