■ In the Matter of ROBERT J. HAMM et al., Respondents, v ALPHONSE E. D'AMBROSE, as Director of the New York City Department of Personnel and Chairman of the New York City Civil Service Commission, et al., Appellants.—Order, Supreme Court, New York County, entered February 10, 1976, directing trial of issues of fact in article 78 proceeding, is unanimously reversed, on the law, so far as appealed from, and the petition dismissed, without costs and without disbursements. The respondent New York City Civil Service Commission acted within its powers in appointing the Test Validation Board. *(Matter of Adolph v Department of Personnel, Civ. Serv. Comm. of City of N. Y.,* 71 Misc 2d 68, affd 41 AD2d 713, affd on opn of Trial Term 33 NY2d 993.) There is no showing that the two police officer members designated by the Sergeants' Benevolent Association were in any way under the control of influence of the police commissioner in the performance of their functions as members of the Test Validation Board, and there was thus no violation of section 4.4.6 of the City Civil Service Regulations. The Test Validation Board was conscious of and applied the

ruling in *Matter of Acosta v Lang* (13 NY2d 1079, 1081) that "Where there are two equally acceptable answers to a question, the selection of one as the correct answer must be deemed to be the result of an arbitrary decision". It is plain that the commission and the Test Validation Board acted with the utmost thoroughness and care in their efforts to be fair in the rating of the examination. The hearing before the Test Validation Board was not a quasi-judicial hearing and was, indeed, not required to be held at all. There was no requirement that every person who took the examination should have been given direct personal notice of the hearing. The notification by the police teletype system with the requirement that the excerpts be posted on the bulletin board of all commands would seem to be a very practical and efficient method of notifying the interested candidates in this promotion examination. There is no factual showing of any reason to believe that the actions of the commission, on the recommendation of the Test Validation Board, with respect to the disputed questions and answers, were arbitrary or capricious. In that connection, we have examined the disputed questions and answers. We do not think that every dispute as to whether answers are equally correct, or as to whether particular questions should be deleted, requires a trial by the court. The task of determining such disputes is one for the commission and not the courts unless there is a showing that the commission has acted arbitrarily or capriciously. A trial will tell us nothing that we do not already know that would bear on the exercise of the court's limited power of review. There is no triable issue of fact. (See CPLR 7804, subd [h]; 409, subd [b].) Concur—Birns, J. P., Silverman, Capozzoli and Lane, JJ.