■ THOMAS BREHENY et al., Appellants, v THOMAS F. ROCHE et al., Respondents, and COMMITTEE OF CONCERNED FIRE LIEUTENANTS, Respondent. — Judgment, Supreme Court, New York County, entered October 17, 1979, affirmed, without costs, on the opinion of Justice Stecher at Special Term. Certain observations in addition are necessitated by what is said by our dissenting brother who, in effect conceding the applicability hereto of *"Matter of Lee v Roche,* (78 AD2d 288)", regards the issue here as "one of essential fairness." Petitioners-appellants disposed procedurally of the question of propriety of the challenged answers by entering into a stipulation, freely and voluntarily, to refer that issue to a test validation board for resolution. Contrary to the implications in the dissent, the board departed not one iota from the written agreement in any particular whatever. Having charted their course and followed it, petitioners cannot be now heard to complain. Concur — Sandler, Sullivan, Ross and Markewich, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would reverse and remand. I have no quarrel with the determination in *Matter of Lee v Roche* (78 AD2d 288), applying the standard of *Matter of Acosta v Lang* (13 NY2d 1079). However, the problem here is one of essential fairness. The proceeding was originally brought by the petitioners, lieutenants in the New York City Fire Department, to annul the determination of the respondents in adopting, over protest, final key answers in a promotional examination. After an initial judicial determination that a hearing on the issue was warranted, the petitioners stipulated to the creation of a test validation board to determine the propriety of the final key answers. The stipulation provided that the board "may" hold hearings. Petitioners desired to present expert testimony to the board. The board had received a report of the department of personnel, which it used as the basis of its final report. While the original material presented to the court in the petitioners' protest with respect to the questions was before the board, petitioners were not permitted to answer or to see the report of the department of personnel even though the board used it in reaching its final determination. At the very least, prior to the board's final determination, the petitioners should have had an opportunity to examine whatever materials were obtained from the department of personnel and used for resource, and to present a reply. If instead of the stipulation a hearing had been held before a referee, the petitioners certainly would have had this opportunity.