Jasen, J.
(dissenting). I cannot agree with the holding of the majority, the result of which will be to require a court hearing whenever an unsuccessful candidate for a civil service position or promotion alleges that the answer he gave was as good as or better than the answer accepted by those charged with administering the examination.
Petitioners, members of the New York City Transit Authority Police Department, were candidates for promotion to the rank of sergeant. They were required to pass a three-part examination, one part of which was a written test consisting of 100 multiple choice questions. Only the written portion of the examination is in issue here. The top 75 scores on the written test were to be considered passing. If a candidate did not receive one of the top 75 scores, the remaining portions of the examination — performance and seniority — would not be considered.
At the written examination, the candidates were told where the key answers could be obtained and how they could protest the correctness of those answers. After the examination, 11 of these 16 petitioners filed timely protests to the key answers, the remaining 5 dispute subsequent grading changes made after the protests were reviewed.
The filed protests initially received administrative review by both the Transit Authority Police Department and the City of New York Department of Personnel. First, a panel composed of sergeants in the Transit Authority Police Department reviewed the protests. Then a panel of members from the Department of Personnel’s Criminal Justice Task Force, who were specially qualified by train *623 ing and experience, conducted a similar review. At the end of this first stage of review, the task force issued a report reviewing all the questions against which protests had been filed and recommending that the key answers be accepted for all but five of the questions in issue. For those five questions, it was recommended that one or more of the alternatives also be accepted.
On November 1, 1978, an independent test validation board was established by the city personnel director. That board was composed of five members, two of whom were nominated by the Transit Authority and approved by the Transit Authority Sergeants’ Benevolent Association. Two of the other panel members were employees of the Department of Personnel. The fifth member of the panel was from the city’s Office of Collective Bargaining, but his vote was never required because his role was limited to when the four-member panel was deadlocked. The board’s guidelines required it to review all questions on the test that had been protested, the key answer to each, the protests filed and the recommended answers as set forth in the test validation report issued by the Criminal Justice Task Force. Provisions were made for the board to obtain technical advice when they felt it was necessary to properly evaluate the questions and answers. The board was required to issue a report and state a rationale if its recommendation was different from that of the task force or if the board’s vote was not unanimous.
On March 8, 1979, the board issued its report which confirmed the test evaluation report issued by the task force. There was disagreement among the board members on two questions and the report explains the board’s rationale in retaining the key answer. The final result was that alternative answers were allowed in 5 of the 60 questions which were protested. In affidavits submitted to the court as part of the respondents’ answer, the members of the board stated that the standard used to decide whether or not to allow alternative answers was whether those answers were as good as or better than the key answer.
Petitioners commenced this article 78 proceeding seeking to annul the decision of the city personnel director *624 which adopted the board’s report. Their petition alleges that in refusing to accept their protests, the director acted in an arbitrary and capricious manner. In support of their claims, petitioners filed affidavits from two New York City Police officers which stated that in their opinion the answers given by petitioners were as good as those accepted by the board. Petitioners argue that in order to determine whether or not the director’s decision was arbitrary and capricious, the court must review each protested question and answer to see whether the decision to retain the key answer was proper.
Respondents contend that unless petitioners can show that the agency’s procedure in determining the proper answer was arbitrary and capricious, no judicial review is proper. In support of this, respondents submitted a verified answer and affidavits which outlined the method used by the agency to evaluate the validity of the examination.
Special Term refused to dismiss the petition and stated: “Petitioners have made a prima facie showing that their answers are as good or better than those accepted as correct by respondents * * * Whether the answers to the examination should be changed cannot be decided without a hearing, which is ordered.” The Appellate Division affirmed, without opinion, and granted leave to appeal to this court.
Inasmuch as I believe that the only proper issue raised by this appeal is whether or not the agency acted in an arbitrary and capricious manner in administering the examination and in evaluating the protested questions and answers, and because I am convinced that the result of the majority’s decision will be to improperly inject the courts into the administration and evaluation of civil service examinations, I would reverse the order of the Appellate Division and answer the certified question submitted in the negative.
An agency such as the New York City Personnel Department has considerable discretion in preparing, administering and validating the examinations it is required to conduct. Under an article 78 standard of review, it is only when the agency abuses that discretion in a manner which *625 can be termed arbitrary and capricious that the courts are justified in disturbing the agency’s determination. Thus, it is the conduct of the agency in administering and evaluating the examination and not the arguable validity of the individual questions and answers which is the proper subject of the court’s review. It seems to me that the petitioners urge an impermissible standard of judicial review — i.e., substitution of the court’s judgment as to the correctness of the protested answers, rather than a review of the agency determination for a rational basis in determining the correctness of the key answers.
Of course, it is always a concern that a question is phrased in a manner which misleads the candidate or that the answer sought when the question was written has become outdated by the time the examination is administered. A refusal by the agency to consider these types of problems, or to make any adjustments, would be arbitrary and capricious. But, in this case, where the review panels found merit to the protests, alternative answers were also credited. Given the limited scope of review under article 78, I believe it is improper to conclude, as the majority does, that a judicial hearing on the issue of the correctness and validity of the answers to the examination is required.
The effect of the majority’s decision is that at the judicial hearing, the court will be asked to determine whether the answers advocated by the petitioners are as good as or better than the ones chosen by the agency. This is, in my opinion, an impermissibly broad role for the courts. Just as this court refrains from interfering with the discretion vested in the administrators who establish academic standards for public schools and universities (see, e.g., Matter of Olsson v Board of Higher Educ., 49 NY2d 408; Matter of McIntosh v Borough of Manhattan Community Coll., 55 NY2d 913; Morales v New York Univ., 55 NY2d 822), it should refrain from interfering with the agency’s discretion in establishing standards for hiring persons to handle the agency’s work. The test is, after all, designed to evaluate the candidates on the basis of their ability to handle the situations which, in this case, a Transit Authority police sergeant will face. The agency is in command of the expertise necessary to make such a choice. The courts should not *626 interfere with that choice unless petitioners allege facts indicating that the choice is the result of an arbitrary procedure.
In Matter of Acosta v Lang (13 NY2d 1079), a hearing was ordered precisely because this court determined that the agency’s decision to accept only its key answer, without considering the protested answers, could be termed arbitrary. As the court stated, “[w]here there are two equally acceptable answers to a question, the selection of one as the correct answer must be deemed to be the result of an arbitrary decision (Matter of Fink v. Finegan, 270 N. Y. 356; Matter of Gruner v. McNamara, 298 N. Y. 395).” (Matter of Acosta v Lang, supra, at p 1081.)
Here, the agency did not arbitrarily reject petitioners’ protests to certain key answers but, instead, set up extensive review procedures to test the validity of the protests filed and indeed, after review, accepted some and rejected others. This can hardly characterize the agency as being arbitrary and capricious. Indeed, even the majority notes that the administrative procedures employed in this case mean that the answers accepted “enjoy a presumption of correctness”. (At p 622.)
Therefore, in a case such as this, I do not believe that it is sufficient for a petitioner to allege merely that other answers should have been accepted. There is always room for argument on a multiple choice examination that more than one answer is acceptable. To the extent that the choice of an acceptable answer is a matter of opinion, that choice properly belongs to the agency charged with administering the test, provided there is an adequate agency review of that choice.
Given the necessarily subjective nature of civil service testing, our review should be limited to those occasions when the petitioners allege sufficient facts and information to indicate that the agency was arbitrary and capricious in administering an examination. Under this standard, merely alleging that another answer is as good as the key answer would be inadequate in face of a responsive pleading which outlines, as respondent does in this case, a thorough agency review of the validity of the key answers *627 on the examination. In my view, to succeed in cases such as this, objectants should be required to demonstrate that the answers they urge are as good as or better than the key answers, and that, in consequence of insufficient, incomplete, or otherwise deficient procedure or consideration, the agency’s determination to reject the answers urged was arbitrary and capricious.
Since petitioners failed to allege facts sufficient to establish a prima facie case requiring a review of the determination of the agency under article 78,1 would vote to reverse the order of the Appellate Division and dismiss the petition.
Chief Judge Cooke and Judges Gabrielli, Waghtler, Fuchsberg and Meyer concur in memorandum; Judge Jasen dissents and votes to reverse in an opinion in which Judge Jones concurs.
Order affirmed, etc.