(October 28, 1982)

■ In the Matter of JOSEPH M. GREELEY et al., Respondents-Appellants, and WILLIAM J. CAUNITZ et al., Respondents, v CITY OF NEW YORK et al., Appellants-Respondents, and ANTHONY DEVIVO et al., Intervenors-Respondents-

Appellants. — Judgment, Supreme Court, New York County (Ryp, J.), entered August 19, 1981 as amended on reargument by order entered October 20, 1981, granting in part the petition and directing respondents below to regrade all examination papers in the promotion examination for New York City Police Department captains in certain respects, and granting other relief, is unanimously modified, on the law, to the extent of directing a hearing to determine the validity and correctness of petitioners' proposed answers to Questions Nos. 2, 15, 22, 39, 53, 55, 57, 59, 60, 61, 64, 79, 82, 94 and 100, and the matter is remanded to Special Term for further proceedings consistent herewith, and the judgment is otherwise affirmed, without costs. In regard to a challenge of the validity and correctness of certain answers on a promotional examination, under *Matter of Oback v Nadel* (57 NY2d 620), the question is not "whether there is a rational basis for the answers designated by the administrators as correct" (*id.,* p 621) but whether the challengers' answer is " 'better or at least as good as the key answer' " (*id.,* p 621; *Matter of Acosta v Lang,* 13 NY2d 1079, 1081). So far as we can see, the choices of the "correct" answers to a number of the examination questions depend on subjective judgment or practices of the police department. Whether the proposed answers are "better than or at least as good as" the final key answers thus present questions of fact which, under *Matter of Oback v Nadel* (*supra*), cannot be decided without a hearing. Special Term properly dismissed the challenge to the key answers to Questions Nos. 76, 92 and 97. The petitioners did not file protests to Questions Nos. 76 and 97 and did not protest to get credit for the answer to Question No. 92 alleged correct in the petition. The notice of examination stated that the examination was open to each employee of the police department "who on the date of the written test: (1) is permanently employed in the title of Lieutenant; (2) has served as a permanent employee in the uniformed force of the Department for a period of not less than six months immediately preceding that date; and (3) is not otherwise ineligible." It further stated that the passing mark on the written part of the test would be the score of the candidate who ranked 150th in the order of comparative rating. "The name of any candidate who, on the date of the establishment of the eligible list, is not serving in the rank of Lieutenant, Police Department, will not appear on the eligible list nor will the candidate's written score be considered in determining the pass mark on the written test." For the purpose of computing the passing score, respondents included the names of three police lieutenants who at the time of the examination were on leave of absence, serving in civilian positions, either with the police department or other departments of the city. Petitioners contend that these three lieutenants were thus "not serving in the rank of Lieutenant, Police Department" and, therefore, should not be considered in determining the passing mark. It appears clear from the definition of eligibility that these officers were eligible to take the examination. It is arguable that the requirements for eligibility to take the examination and for eligibility for the position and for consideration of the candidate's score in determining the passing mark are intended to be substantially equivalent, except of course that eligibility in each case is determined as of different relevant dates. Petitioners explicitly state that they do not seek the removal of these three officers from the eligible list (even though it is clear that the same requirement governs appearance on the eligible list and consideration of their score). It would seem rather anomalous to permit these officers to take the examination and even to be eligible for appointment, but to exclude their scores from the computation of the passing mark. In our view, the question whether the names and scores of these officers should properly be included for purpose of determining the pass mark on a test being administered by respondents, within the rules established by respondents, was a matter within the administrative discretion of

respondents to which the court should defer. "It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" (*Matter of Howard v Wyman,* 28 NY2d 434, 438). We are after all concerned not with pension rights or a right of reinstatement to particular positions, but with the fixing of a passing score on a civil service examination, a matter peculiarly within the competence and jurisdiction of the Civil Service Commission. Concur — Murphy, P. J., Sandler, Ross, Carro and Silverman, JJ.