In the Matter of JOSEPH ESPOSITO et al., Respondents, v S. MICHAEL NADEL, as Personnel Director of the City of New York, et al., Appellants. — Order, Supreme Court, New York County (Blyn, J.), entered on April 26, 1982, directing that credit be given on police promotional examination No. 8539, for the alternate answers to questions 2, 26, 34, 49 and 99 set forth in the petition, and directing that the final key answers to said questions be revised accordingly, unanimously modified, on the law, to the extent of deleting the second decretal paragraph thereof, remanding for trial the issue of the sufficiency of the answers to alternate questions 2, 49 and 99 set forth in the petition, dismissing the petition insofar as it challenges the final key answer to question 26 and is otherwise affirmed, without costs. Petitioners in this CPLR article 78 proceeding challenge the final key answers certified by respondent to 10 questions on police promotional examination No. 8539, given for promotion to the position of sergeant in the New York City Police Department (*Matter of Acosta v Lang,* 13 NY2d 1079). Special Term granted the petition as to five of the challenged final key answers, dismissed the petition as to two and ordered a trial on the challenge to the remaining four final key answers. Respondents appeal that portion of the order which granted the challenge to the final key answers to questions 2, 26, 34, 49 and 99. Special Term appropriately applied the proper standard of review in such an *Acosta* challenge, which is whether the challenger's answer is "better or at least as good as the key answer. Where there are two equally acceptable answers to a question, the selection of one as the correct answer must be deemed to be the result of an arbitrary decision" (*Matter of Acosta v Lang, supra,* p 1081). An *Acosta* challenge need not "show that there is no reasonable basis for the key answer selected by the commission, but merely that the answer given by the candidate on the test is better or at least as good as the key answer" (p 1081; see, also, *Matter of Oback v Nadel,* 57 NY2d 620). Where such a prima facie showing is made, and no issue of fact is found to exist, the court may sustain the challenge without a hearing. (*Matter of Dolan v Krone,* 16 NY2d 917; *Matter of Barry v*

*Department of Personnel, Civ. Serv. Comm., City of N. Y.,* 49 AD2d 722, mot for lv to app den 38 NY2d 709.) Where questions of fact are found to exist or where the correct answers depend upon "the subjective judgment or practices" of the police department, a hearing is required (*Matter of Greeley v City of New York,* 90 AD2d 470, 471). Here, Special Term properly found that questions of fact existed as to whether alternate answers to questions 20, 31, 36 and 63 were better or at least as good as the final key answers and ordered a trial in respect thereto. Whether or not the alternate answers to questions 2, 49, and 99 are better or as good as the final key answers, however, depends upon the "subjective judgment or practices" of the police department and thus presents questions of fact that require a hearing. (*Greeley v City of New York, supra,* p 471.) Question 2 concerned the correct procedure to be followed by a sergeant on patrol, who received a complaint from an unidentified civilian concerning unidentified officers who had given him a summons. The source of the final key answer "C" (call the civilian complaint desk), was patrol guide procedure No. 118-7, which Special Term found to apply to "in-office" complaints as opposed to "on-patrol" situations. Petitioners contend that answer "B" (notify station house supervisor of facts and request to be called if complainant appears at the precinct), was better or as good as the key answer. While it does appear that various of the provisions of patrol guide procedure No. 118-7 are applicable to "in-office" complaints, it does not appear that those procedures are inapplicable to a patrol situation. At best an issue of fact is raised that can only be resolved at a hearing since the most appropriate action for the sergeant to take in respect to this complaint would depend on the subjective judgment or practices of the police department not otherwise explicitly enunciated in patrol guide No. 118-7. Question 49 involved a narrative statement of facts concerning a shooting, together with a copy of a completed arrest report. Each candidate was asked to select the option which contained at least one omission or incorrect entry for each of the numbers which corresponded to numbered lines or boxes on the arrest report. There is no dispute that final key answer "B" is correct. Petitioners contend however, that option "C" (lines 3 and 8) and/or option "D" (lines 4 and 8), were better or as good as the key answer. The issue revolves around whether the entry "unknown" on line 8 under the license/permits, etc., box is vague, ambiguous or inaccurate, in the context of the facts set forth in the narrative. Here, too, a question of fact involving police practice and procedures exists and the issue should have been remanded for a hearing. Question 99 concerns a situation facing a sergeant with an attitudinal problem on the part of patrol officers following a roll call training session given by him on the importance of intelligence gathering. The candidate was asked to select one of a series of statements, which would not be proper for the sergeant to make under the circumstances. Initially, "B" was selected but the final key listed answer "B and/or D". Petitioner argues that answer "C" is as good or better than the key answer. Respondent's rationale for selecting those two answers were that "B" would not be proper because it was inaccurate and "D" would not be proper, because it would be inappropriate to the situation. Petitioners argued, and Special Term agreed, that the same rationale that applied to answer "D" applied to answer "C" and therefore there was no rational basis for rejecting petitioners' answers. The choice of the correct answer to this question clearly depends upon the subjective judgment or practices of the police department. Thus a hearing is required. Finally, that portion of the petition challenging the final key answer to question 26 must be dismissed. Question 26 concerns a telephone inquiry from the owner of a luncheonette who wants to expand his operation to include a sidewalk cafe. The candidate is called upon to identify the *most appropriate* New York City office or agency to which the caller should be referred. Special Term's determi-

nation that alternate answer "(B) Department of Health" was, as a matter of law, better or as good as the final key answer "(C) Department of Consumer Affairs" was error. The Department of Consumer Affairs has responsibility for licensing sidewalk cafes and its regulations prescribe exacting details as to how such a cafe is to be operated, including the amount of space that can be used and the manner in which the space is to be utilized. Moreover, no new Board of Health restaurant permit would be required to be submitted to Consumer Affairs, since the question implicitly assumes a current permit for the luncheonette. Thus the Board of Health's authority to remove sidewalk obstructions would not be invoked and it would not be the *most appropriate* agency to which to refer the caller. That answer, therefore, is not as good as or better than the final key answer established by the respondent. Concur — Ross, J. P., Asch, Milonas, Kassal and Alexander, JJ.