OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.
Petitioners, various New York City police officers who received failing grades on an examination for promotion to the position of sergeant, in this appeal challenge the final key answer chosen by respondent to a question on the examination. The question contained an example of a telephone inquiry received at the station house from a member of the public who owned a luncheonette and wanted to open a sidewalk cafe in front of it. The candidates were directed to choose “the most appropriate New York City office or agency” to which the caller should be referred. Four possible alternatives were offered: Department of Environmental Protection; Department of Health; Department of Consumer Affairs; and Borough President. In the final answer key respondents listed the Department of Consumer Affairs as the correct answer. Petitioners contend that the Department of Health is as good as or better than the key answer.
We established the standard of review applicable to challenges to answers on promotional exams in Matter of Acosta v Lang (13 NY2d 1079), where we held that: “Petitioner is not required to show that there is no reasonable *757 basis for the key answer selected by the commission, but merely that the answer given by the candidate on the test is better or at least as good as the key answer. Where there are two equally acceptable answers to a question, the selection of one as the correct answer must be deemed to be the result of an arbitrary decision” (13 NY2d, p 1081; Matter of Oback v Nadel, 57 NY2d 620). The question here called for the most appropriate agency to which the caller should be referred. Consequently, it is not enough that the Department of Health might be an appropriate agency for referral. Rather, petitioners must show that characterizing the Department of Health as the most appropriate referral agency is as acceptable an answer as or more acceptable an answer than the Department of Consumer Affairs.
Respondents assert that, because the Department of Consumer Affairs has sole jurisdiction over the licensing of sidewalk cafes under subdivision a of section B32-54.0 of the Administrative Code of the City of New York and has issued comprehensive regulations under the broad regulatory authority granted it in subdivision b of that section, it is the most appropriate agency to be contacted with regard to the inquiry about opening a sidewalk cafe. That the Department of Health has authority to issue restaurant permits pursuant to section 87.03 of the Health Code of the City of New York and has general authority to remove sidewalk obstructions under section 556-10.0 of the Administrative Code does not make it as appropriate an agency to which the caller should be referred. The question posed implicitly assumed that the caller had a permit to operate the luncheonette and carried no suggestion that the proposed cafe might constitute a sidewalk obstruction. The Consumer Affairs regulations, which implement its authority to establish rules with respect to the “operation and maintenance of any sidewalk cafe, to insure good order and to prevent undue obstruction of the sidewalk” (Administrative Code, § B32-54.0, subd b), include detailed provisions regarding the size and type of permissible sidewalk cafes. As a result, Consumer Affairs’ specific authority in this area makes it a more appropriate agency for referral than the Department of Health. The issue presented can be resolved as a matter of law; accordingly there is no need for an evidentiary hearing.
*758 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.