■ In the Matter of BARBARA J. WRIGHT, Appellant, v NEW YORK STATE EDUCATION DEPARTMENT, Respondent.—Mahoney, P. J.—Appeal from a judgment of the Supreme Court (Bradley, J.), entered July 2, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the State Board for Massage refusing to sustain petitioner's challenges to certain questions on the licensing examination.

On June 12, 1985, petitioner took the State examination for certification as a massage therapist. Thereafter, petitioner was advised that she had failed the examination by one point and, further, that her examination would be available for review for which she could use any reference to confirm the accuracy of her answers to the examination questions. After receipt of petitioner's challenge to certain key answers, petitioner was informed that a review of the challenged answers would be undertaken by the State Board for Massage. Upon completion of its review, the Board declined to reverse the results of the examination. Upon reconsideration, the Board adhered to its original position and advised petitioner of its view that the answer for each challenged question chosen by the Board was the best answer of the answers provided. Petitioner commenced this CPLR article 78 proceeding claiming that the Board's refusal to accept her answers was arbitrary and capricious. Supreme Court granted respondent's motion to dismiss the proceeding. This appeal by petitioner ensued.

The standard of review applicable to a challenge to an answer on a State examination is not "whether there is a rational basis for the answers designated by the administrators as correct" *(Matter of Oback v Nadel,* 57 NY2d 620, 621), but, rather, whether the answer given by the examinee is "better or at least as good as the key answer" *(Matter of Acosta v Lang,* 13 NY2d 1079, 1081). Thus, the question becomes whether petitioner's answers to certain keyed questions were as good or better than the keyed answers. We hold that they were not.

While petitioner originally challenged six questions, on this appeal she focuses on question No. 102. With respect to this question, the instructions stated, in part, to "select the one alternative, of those given, which best completes the statement or answers the question, even though you may not be entirely sure of the answer you choose". Question No. 102 asked, "At which vertebral level does the spinal cord end?" The possible answers were lumbar vertebra (L) Nos. 1, 3, 5 and S1. Petitioner chose L3 while the keyed answer was L1. Since L2 was clearly the answer generally favored by the authorities, petitioner contends that the keyed answer is ambiguous. We disagree. The examination instructions did not state "choose the most generally accepted answer", but required the examinee to choose the best alternative of the four possible answers set out in the examination. Further, the authority relied upon by petitioner to support her position that L3 was as good or better than the keyed answer, i.e., the British edition of Gray's Anatomy, is not considered as accurate as the American edition of Gray's Anatomy which was relied on by the Board. Accordingly, we are constrained to conclude that the Board's selection of the keyed answer has a rational basis *(see, Matter of Lee v Roche,* 78 AD2d 288, 291-292). Since the issue can be decided as a matter of law, there is no need for an evidentiary hearing *(see, Matter of Esposito v Nadel,* 60 NY2d 755, 757).

Finally, we reject petitioner's contention that the review procedures utilized by the Board denied her due process of law in that she was not permitted to be present and personally argue her appeal. There is no due process right to either appear or obtain an evidentiary hearing in a license application *(Matter of Lock v New York State Educ. Dept.,* 102 AD2d 979, 980, *lv denied* 64 NY2d 604). While the Board should have disclosed its reasoning for selecting the keyed answer *(see, Matter of Oback v Nadel, supra,* at 622; *Matter of Lee v Roche, supra,* at 290), petitioner is barred from raising this

issue for the first time on appeal *(see, Matter of Wallace v Regan,* 105 AD2d 586, 587). Further, this issue is academic in light of the result arrived at herein.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.