■ WILTCHER SHELTON, Respondent, v MICHAEL J. COSTEL-LOE et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Examiners of the New York City Board of Education, finding the petitioner's examination paper to be unsatisfactory, the appeal is from a judgment of the Supreme Court, Kings County (Hurowitz, J.), entered October 17, 1985, which granted the petition and annulled the determination.

Ordered that the judgment is affirmed, without costs or disbursements.

In the written English examination involved in this case, applicants received one "demerit" point for each language error contained in their essays. The issue in a proceeding pursuant to CPLR article 78 which seeks to review the examiners' determination that an essay answer contained a certain error is whether the examiners were arbitrary and capricious in ruling that the use (or spelling or punctuation) of the given word was erroneous (CPLR 7803 [3]; *Matter of Oback v Nadel,* 57 NY2d 620). While the general standard that a determination may only be annulled if it is arbitrary and capricious is clear, its application to an essay test such as the one involved in this instance differs slightly from the multiple choice tests involved in previous cases *(e.g., Matter of Oback v Nadel, supra; Matter of Acosta v Lang,* 13 NY2d 1079). The typical multiple choice test requires the applicant to choose the best answer, even if another answer is arguably also correct *(Matter of Esposito v Nadel,* 60 NY2d 755, 757). In such a case, the applicant who challenges the determination that a given answer was marked incorrect must demonstrate that his choice was "better or at least as good as the [scorers'] key answer" *(Matter of Esposito v Nadel, supra; Matter of Acosta v Lang,* 13 NY2d 1079, 1081, *supra).* Here, however, the petitioner was required only to use grammar, spelling and punctuation that constituted acceptable English; it did not have to be the best possible English. Therefore, when the examiners' determination is reviewed, the standard is whether they were arbitrary in rejecting the language as incorrect. The petitioner demonstrated that his use of the word "creativities" was acceptable. Since the examiners produced no support for the position that such use was incorrect, rather than merely uncommon, their rejection of the petitioner's challenge was arbitrary and capricious. Bracken, J. P., Brown, Niehoff and Kooper, JJ., concur.