■ In the Matter of JOHN WHITE et al., Appellants, v JUAN U. ORTIZ et al., Respondents.—Judgment, Supreme Court, New York County (Arthur Blyn, J.), entered January 20, 1988, which, *inter alia,* denied the petition challenging questions Nos. 1, 3, 5, 17, 25, 29 (partial) and 34 of the administrative test and questions Nos. 1, 8, 38, 43, 46 and 74 of the technical knowledge test for promotion to captain in the New York City Police Department, affirmed, without costs and disbursements.

We find that none of the answers offered by petitioner were as good as or better than the designated key answers. *(See, Matter of Acosta v Lang,* 13 NY2d 1079.) The dissent argues that answer A to question 38—"The Election Board consists of only two members, a Democrat and a Liberal, and the officer has not notified the Desk Officer of this fact"—is as good as answer D. The question sought to ascertain whether the officer assigned to an Election Board had acted properly. The dissent argues, correctly, that the Police Patrol Guide, which provides that the Election Board can operate with two members present if they belong to different parties, cannot overrule the Election Law. The dissent, however, misreads the relevant sections of the Election Law itself.

Election Law § 3-400 (3) recites, "Appointments to the offices of election inspector or poll clerk in each election district, shall be equally divided between the major political parties." Thus, the section deals with the political affiliation of the

appointer, not the appointee. Nothing in the section requires the appointees themselves to be enrolled in the appointing party. Indeed, as those versed in the political realities of life well know, in many areas of the city or State finding members of the appointing party willing to serve as election inspectors could be a fruitless endeavor. The statute only requires that the two major parties be given the opportunity to appoint the inspectors or poll clerks. Section 3-400 (6) makes clear that none of the requirements for being an election inspector includes being an enrolled member of a political party: "No person shall be certified or act as an election inspector or poll clerk who is not a registered voter and a resident of the county in which he serves, or within the city of New York, of such city, who holds any elective public office, or who is a candidate for any public office to be voted for by the voters of the district in which he is to serve, or who is not able to speak and read the English language and write it legibly."

To uphold the dissent's interpretation of section 3-400 (3), that an appointee be enrolled in the appointing party, a member of a nonmajor political party, such as a Liberal, could never be an election inspector or a poll clerk, inasmuch as only the two major parties may appoint the members of the Election Board. Concur—Sandler, Sullivan, Kassal and Wallach, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: I would modify with respect to question 38.

The requirement is that an answer to a disputed question should be better or at least as good as the designated key answers. (*Matter of Acosta v Lang,* 13 NY2d 1079.) Question 38 and the alternative answers read as follows:

"On Election Day, Captain Keenan, Commanding Officer of the 3rd Precinct, instructs officers turning out for duty at polling places. Later that morning, he visits locations in his command to determine whether his instructions are being carried out properly. In which of the following cases is the assigned police officer *not* performing his duties correctly?

"(A) The Election Board consists of only two members, a Democrat and a Liberal, and the officer has not notified the Desk Officer of this fact.

"(B) A candidate in the current election is examining the face of the voting machine while the officer observes him.

"(C) The officer has decided to stand within the guard rail to better observe voters entering the booth.

"(D) The officer checks the public counters frequently to be sure that votes are registering." (Emphasis in original.)

Pursuant to the Police Patrol Guide, an officer is required to remain outside the guardrail except to perform duty. Accordingly, key answer C was found to be correct, because observing voters is not, as such, a necessary duty. The petitioner's alternative answer was A. This was found to be incorrect because the Patrol Guide provides that the Election Board can operate with two members present if they belong to different parties, and the desk officer is to be notified only if such absence prevents the polling place from opening.

Alternative answer A is better or at least as good as C. It is not possible under the Election Law for both a Democrat and a Liberal to comprise the Election Board inasmuch as such law requires members of the Election Board to be from the two parties obtaining the largest number of votes at the last gubernatorial election (Election Law § 3-400 [3]; § 1-104 [24]; *see also,* § 3-400 [5]). The Liberal Party did not attain this status. The Patrol Guide cannot overrule the Election Law.