■ In the Matter of ALFRED DiNATALE et al., Respondents, v JUDITH A. LEVITT, as Director of the New York City Department of Personnel, et al., Appellants.—Judgment, Supreme Court, New York County (Kristin Booth Glen, J.), entered on August 12, 1988, which directed municipal respondents to regrade a civil service examination for the rank of park supervisor (examination No. 5616) and ordered that a special eligible list be created, the duration of which shall be for four years from its promulgation, or until it is necessary to reach for appointment all persons whose regraded examination places them at a level equal to or higher than the person appointed from the expired original list, is unanimously affirmed, without costs.

We find that the court properly sustained petitioners' objections as to the key answers to questions 5, 15, 31, and 73, applying the standard that the "answer given by the candidates on the test is better or at least as good" as the key answer supplied by respondent, in accord with the procedures outlined in *Matter of Acosta v Lang* (13 NY2d 1079).

Also, the court properly extended the duration of the special list for a four-year period consistent with Civil Service Law § 56, commencing at the time the list was corrected. As held in *Matter of Mena v D'Ambrose* (44 NY2d 428), where an eligible list has been formulated on the basis of an erroneous examination, the aggrieved are entitled to the continuation of a special list. Furthermore, "the statutory life of the list does not begin until the list is corrected" *(Matter of Deas v Levitt,* 73 NY2d 525, 530, citing *Matter of Mena v D'Ambrose,* 44 NY2d 428, *supra).* Concur—Ross, J. P., Asch, Rosenberger, Smith and Rubin, JJ.