◼ NICHOLAS MANCUSO, as President of the Uniformed Firefighters Association, et al., Respondents-Appellants, v JUDITH LEVITT, as Director of the New York City Department of Personnel, et al., Appellants-Respondents. [607 NYS2d 353] — Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about March 18, 1993, which *inter alia,* denied defendants' motion to dismiss plaintiffs' claims with respect to Examination No. 5608 as time barred and granted plaintiffs' cross-motion for leave to renew and reargue their motion for summary judgment, unanimously modified, on the law, the facts and in the exercise of discretion to the extent of denying plaintiffs' cross-motion for renewal and reargument, granting defendants' motion for leave to renew and reargue

and, upon renewal, granting defendants' motion to dismiss plaintiffs' claims as to Examination No. 5608 as time barred, and otherwise affirmed, without costs.

Order of said court and Justice, entered on or about August 6, 1993, which granted plaintiffs' motion to resettle and, upon resettlement, *inter alia,* determined section 50-a of the Civil Service Law to be unconstitutional and section 50 (7) to be unconstitutional as applied, unanimously modified, on the law, to the extent of denying plaintiffs' application for a declaration that sections 50-a and 50 (7) of the Civil Service Law are unconstitutional either on their face or as applied, denying plaintiffs' request for an *Acosta* challenge, vacating the remand to a Referee to hear and recommend, denying the creation of a special eligible list, and otherwise affirmed, without costs.

Appeal from order of said court and Justice, entered August 26, 1992, unanimously dismissed as superceded by the appeal from the order of August 6, 1993, without costs.

Legislative enactments are supported by a strong presumption of constitutionality *(Matter of Brown-Forman Distillers Corp. v State Liq. Auth.,* 64 NY2d 479, 485-486). Under the statutory scheme devised by the Legislature, a three-member Validation Board, comprised of a City representative, a union representative and a member jointly chosen by the other two, administratively applies the standard of "as good as or better" in evaluating protests to the proposed answers to competitive civil service examinations, thereby eliminating the necessity for courts, lacking the appropriate technical expertise, to be involved in the cumbersome and time-consuming need to review various questions and answers. While merit selection is the essential constitutional goal of NY Constitution, article V, § 6, mandating that civil service appointment and promotion be based upon "merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive", and the competitive examination is the preferred means of compliance, the two are not synonymous *(see, McGowan v Burstein,* 71 NY2d 729).

Where, notwithstanding plaintiffs' lack of rebuttal of the presumption of the constitutionality of sections 50-a and 50 (7) of the Civil Service Law, the Supreme Court declared one section unconstitutional on its face and the other as applied and referred the matter to a Referee to hear and recommend as to a promotional examination conducted in December of 1986 and an eligible list long since expired, such was im-

proper. The decision by the Court of Appeals in *Matter of Acosta v Lang* (13 NY2d 1079) was issued at a time when there was no statutory procedure for reviewing the grading of civil service examinations. Thereafter, the Legislature, in an effort to dispose of the deluge of litigation in which courts were compelled to evaluate whether one answer to a question was better than another, enacted sections 50-a and 50 (7) of the Civil Service Law.

Plaintiffs, however, are endeavoring to transform what was an attempt to establish a method for implementing a constitutional direction *(Matter of Acosta v Lang, supra)* into a constitutional imperative itself, so that the only means acceptable for reviewing questions and answers to examinations are those set forth in that case. Yet, the law is settled that when the Legislature has expressed its intent that judicial review on substantive matters be precluded, the merits of an agency's determination are not reviewable *(Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn.,* 78 NY2d 318). So long as the statutory provisions comport with the merit and fitness requirement of the State Constitution, the fact that the procedures therein are not identical to those laid down in *Acosta* is irrelevant. Indeed, the Legislature did try to adhere closely to the *Acosta* formula; it simply eliminated the second-step protest, and the IAS Court was not warranted in regarding this step to be a constitutional directive.

Since plaintiffs have not established any constitutional violation, State or Federal, and they did not commence a timely CPLR article 78 proceeding to challenge the procedures followed by the City with respect to Examination No. 5608, they are not entitled to any relief. The remedy, if any, should be addressed by the Legislature. Concur—Carro, J. P., Wallach, Ross, Rubin and Williams, JJ. *[See,* 154 Misc 2d 252.]