■ In the Matter of ROYDEL HOWE, Appellant, v LILLIAM BARRIOS-PAOLI, as Commissioner of New York City Department of Personnel, et al., Respondents-Respondents. [658 NYS2d 5] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered on or about March 14, 1996, which, in a proceeding pursuant to CPLR article 78 challenging respondent's grading of petitioner's civil service examination, granted respondent's motion to dismiss the petition as time-barred, unanimously affirmed, without costs.

We agree with the IAS Court that respondent Department of Personnel's letter of November 13, 1990 gave petitioner unequivocal notice that his *Acosta* challenge to the Test Validation Board's (TVB) key answers, i.e., his claim that his answers on the test were at least as good as the key answers (*Matter of Acosta v Lang*, 13 NY2d 1079), had been finally rejected. Under Civil Service Law § 50-a, petitioner then had 30 days to institute an article 78 proceeding for review of his rejected *Acosta* challenge, which he failed to do. Petitioner claims that he was misled by the portion of the November 13, 1990 letter advising that a further appeal could be taken to the Civil Service Commission, but, fairly read, that advice related only to any non-*Acosta* challenges petitioner might have had, i.e., the application of TVB's answer key to petitioner's particular test. Petitioner did appeal to the Civil Service Commission, which by notice dated August 1, 1994, ruled that petitioner's challenge was strictly *Acosta* in nature, i.e., that no claim was being made that respondent had improperly applied its key to petitioner's answers, and dismissed the appeal for lack of subject matter jurisdiction. Under CPLR 217, petitioner then

had four months to institute an article 78 proceeding against the Civil Service Commission for review of this dismissal, which he failed to do. Concur—Sullivan, J. P., Milonas, Nardelli and Williams, JJ.