■ In the Matter of EDWARD ALONGE et al., Appellants, v WILLIAM CARNAVALE et al., Respondents, and ANTHONY GARVEY et al., Intervenors-Respondents. [691 NYS2d 401] —Order and judgment (one paper), Supreme Court, New York County (Barbara Kapnick, J.), entered February 22, 1999, which, in a proceeding pursuant to CPLR article 78, denied the petition and amended petition challenging the validity of Examination No. 1529 for promotion to lieutenant in the New York Police Department (NYPD), and dismissed the proceeding, unanimously affirmed, without costs.

Petitioners' claim that the composition of the Test Validation Board (TVB) for Exam 1529 violated Civil Service Law § 50-a is not supported by the record. Also without merit is petitioners' challenge to the protest procedures utilized in connection with Exam 1529. Those procedures were in no way violative of the relevant provisions of the Civil Service Law or of the merit and fitness requirements of the State Constitution. Contrary to petitioners' argument, the challenged procedures did not have to conform strictly to the guidelines promulgated in *Matter of Acosta v Lang* (13 NY2d 1079), a case decided prior to the enactment of the presently governing statute (*see, Mancuso v Levitt*, 201 AD2d 386, *lv denied* 84 NY2d 810).

Finally, we reject petitioners' contention that Exam 1529 was invalid because it did not include oral and written portions testing skills that petitioners urge are essential to the performance of a police lieutenant's duties. The record reflects that respondents conducted a job analysis and other studies preparatory to formulating Exam 1529 and that the exam, as a whole, tested the candidates' knowledge and competency in a range of areas fairly representative of those in which police lieutenants must be capable. Certainly, it was within the broad grant of statutory authority to respondents to evaluate personnel and determine who shall be eligible for promotion to compose Exam 1529 as they did (*see, Matter of Aladin v Schultz*, 176 AD2d 205; *Matter of Spring v Broadnax*, 158 AD2d 240, 244, *lv denied* 76 NY2d 713). Concur—Nardelli, J. P., Wallach, Lerner, Andrias and Buckley, JJ.